**McGOLDRICK OIL COMPANY, A Louisiana Limited Partnership, Plaintiff-Appellant,**

v.

**CAMPBELL, ATHEY & ZUKOWSKI, A Texas General Partnership, Defendant-Appellee.**

No. 85–2840

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 3, 1986.

Rehearing Denied Aug. 18, 1986.

---

George M. Bishop, Houston, Tex., for plaintiff-appellant.

Campbell, Athey & Zukowski, John M. Zukowski, Houston, Tex., for defendant-appellee.

Before POLITZ, GARWOOD, and JOLLY, Circuit Judges.

POLITZ, Circuit Judge:

McGoldrick Oil Company appeals an adverse summary judgment dismissing its complaint and awarding Campbell, Athey & Zukowski (CAZ) $7,500 for attorney's fees and costs. McGoldrick also appeals a $5,000 sanction imposed under Fed.R.Civ.P. 11 against George M. Bishop, McGoldrick's attorney. Finding that we lack jurisdiction over the appeal from the judgment imposing Rule 11 sanctions, we dismiss that part of the appeal. Concluding that summary judgment was in order, including the award of attorney's fees and costs, we affirm. We assess additional sanctions for a frivolous appeal.

## FACTUAL BACKGROUND

The evidence in this record discloses an action which bears all of the hallmarks of a

suit designed not to secure the relief sought but to harass and coerce the defendant law firm. This case is a prime example of an abuse of the judicial process, and we treat it as such.

The genesis of McGoldrick's claims against CAZ was the less-than-professional-and-amicable 1984 dissolution of a small Houston law partnership. James P. Barnett, Jr. withdrew from the firm. While at CAZ, Barnett had rendered oil and gas title opinions to McGoldrick. No one else at CAZ performed any legal services for McGoldrick, and when Barnett left CAZ the McGoldrick account followed him. When Barnett departed CAZ there was no outstanding work being done for McGoldrick. Barnett did not take any title opinion files with him although there is nothing to indicate that he was not free to do so.

Shortly after Barnett's departure, McGoldrick's land manager contacted CAZ and requested that all McGoldrick materials in CAZ's possession be turned over to Barnett. CAZ complied and delivered all but the originals of Barnett's work notes, correspondence to and from McGoldrick, and copies of Barnett's title opinions. CAZ offered to give Bishop access to those papers to be copied, provided that the originals were returned. CAZ was reluctant to surrender its only copies of Barnett's work notes because of its potential legal exposure for any errors Barnett might have made.

The arrangement for copying was originally considered acceptable by Bishop and copies were made and the originals were returned to CAZ. Subsequently, Bishop rejected CAZ's initiative and demanded production of the originals of many documents CAZ allegedly had withheld. This demand by Bishop was made without McGoldrick's knowledge and authorization. Bishop made formal demand for a broad variety of documents; he made no effort to determine which documents, if any, were actually in CAZ's possession. When CAZ could not respond to his demands, Bishop filed the instant suit, doing so without the prior knowledge and approval of McGoldrick, although McGoldrick subsequently confirmed his action.

After filing suit, McGoldrick and Bishop did little to prosecute McGoldrick's claims against CAZ. No further filings were made, initially or in response to CAZ's motions. No attempt was made at discovery. McGoldrick's representative missed two scheduled depositions, one on a date and time suggested by Bishop. The representative finally appeared for the third scheduled deposition, after the issuance of two certificates of non-attendance and following the filing of a motion to dismiss. Documents identified in the notices of deposition had not been produced even as of the time of briefing herein. It is apparent that McGoldrick and Bishop paid little attention to the Federal Rules of Civil Procedure at the outset, and later to the Federal Rules of Appellate Procedure.

Bishop did not appear at the pre-trial scheduling conference on June 27, 1985, sending instead an associate unfamiliar with the case. Bishop did not appear, and sent no associate to the docket call on October 28, 1985, at which time the court made known its intention to grant CAZ's motion for summary judgment, together with sanctions against McGoldrick. At that time the trial judge scheduled a hearing to consider Rule 11 sanctions against Bishop.[1] On November 6, 1985, formal

---

1. Fed.R.Civ.P. 11 provides in pertinent part:

Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record.... The signature of an attorney ... constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, ... an appropriate sanction, which may

judgment was entered granting CAZ's summary judgment motion, awarding CAZ $7,500 in attorney's fees and costs, and noticing the Rule 11 hearing for November 22, 1985.

On November 22, 1985, after hearing from CAZ, Bishop, and Barnett, the court found that Bishop had violated Fed.R. Civ.P. 11 and imposed a $5,000 sanction on him. On December 6, 1985, judgment on the November 22 ruling was entered. That judgment imposed the sanction on Bishop and provided for the copying by Bishop of any documents retained by CAZ. This reproduction was to be done by a copier of Bishop's choosing and the originals were to be returned to CAZ. Bishop never requested access to the papers. McGoldrick obviously had no desire to secure copies of title opinions and correspondence; it already had those, and it considered adequate the originally offered copies of Barnett's work notes.

There was never any justiciable dispute between CAZ and McGoldrick. The complaint was dismissed on CAZ's unopposed motion for summary judgment. The sanctions were imposed on McGoldrick and Bishop because the complaint had no merit, and, after its filing, it became apparent that neither McGoldrick nor Bishop actually intended to pursue the matter. Notwithstanding this cavalier attitude toward the action, on December 6, 1985, McGoldrick filed a notice of appeal from the judgment of November 6, 1985, which dismissed its claim and cast it in judgment for $7,500, as well as from the order announced November 22, 1985, which imposed sanctions in the amount of $5,000 against Bishop personally. On December 11, 1985, McGoldrick filed a motion for reconsideration of both rulings. Referring to the notice of appeal, the trial court declined to consider this motion. No new notice of appeal was filed after the trial court's response to the motion for reconsideration.

## APPELLATE JURISDICTION

■ As a court of limited jurisdiction, we must examine, *sua sponte*, the basis of our jurisdiction. We find that we lack jurisdiction of the appeal from the award of Rule 11 sanctions against Bishop; that portion of the appeal is accordingly dismissed.

We do have jurisdiction over the appeal from the judgment rendered against McGoldrick. That judgment was entered on November 6, 1985, and the appeal was lodged on the very last day allowed, December 6, 1985. *See* Fed.R.App.P. 4(a)(1) and 26(a).

The appeal of the Rule 11 sanctions was noticed two days after judgment was entered, albeit at that time McGoldrick and Bishop apparently were unaware that formal judgment had been entered. The notice of appeal states: "George M. Bishop would appeal from the Order of November 22, 1985 not yet entered by the court. . . ." The order had been entered. Timely when filed, this notice lost its vitality when the motion for reconsideration was filed on December 11, 1985. Since this motion was filed within ten days of the Rule 11 order, it must be considered a Fed.R.Civ.P. 59 motion. *See* our *en banc* decisions in *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.*, 784 F.2d 665 (1986), and *Willie v. Continental Oil Co.*, 784 F.2d 706 (1986).

A timely Rule 59 motion voids any previously-filed notice of appeal. Fed.R.App.P. 4(a)(4). It is necessary that another notice of appeal be filed after the ruling on the Rule 59 motion, for the earlier notice of appeal loses all legal effect. " 'The appeal simply self-destructs.' " *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982), *quoting* 9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice* ¶ 204.-12[1], p. 4–65, n. 17 (1982).

■ Insofar as the motion for reconsideration related to the judgment entered November 6, 1985, it was not timely as a

---

include an order to pay to the other party ... the amount of the reasonable expenses incurred because of the filing of the pleading,

motion, or other paper, including a reasonable attorney's fee.

Rule 59 motion and could only be considered a Rule 60 motion. The latter motion did not vitiate a prior-filed notice of appeal and no new notice of appeal was required after entry of the ruling on that motion.

## ANALYSIS

■ As reflected in the brief summary of the undisputed evidence, McGoldrick had no legitimate complaint. CAZ returned to McGoldrick all documents it furnished, giving same, as directed, to Barnett, and offered to furnish copies of all others except the title opinions and reciprocal written communications which McGoldrick already had. CAZ offered to permit Bishop an opportunity to copy all of Barnett's work-product papers. Bishop initially accepted this offer but later, for reasons best known to him, rejected it. McGoldrick indicated satisfaction with the proffered copies. Yet this litigation was filed to force the production of that which had been offered voluntarily and spurned by McGoldrick and its attorney. Instead, counsel made formal demands for myriad records and then filed the instant suit without McGoldrick's prior knowledge and approval, although subsequent approval was forthcoming.

As noted, even after suit was filed McGoldrick, through its counsel, acted in a most cavalier manner in what actually amounted to non-prosecution of the matter. There being no disputed fact and no justiciable dispute extant between McGoldrick and CAZ, the district court properly dismissed this action on summary judgment. Fed.R.Civ.P. 56.

The action constitutes an abuse of the judicial process, wasting limited judicial resources and requiring the unnecessary incurring of substantial expenses by the litigants. The appeal of the trial court's judgments exacerbated that abuse.

■ After triggering appellate review, McGoldrick demonstrated little meaningful interest in the appeal. Its brief includes neither the required summary of proceedings before the trial court nor the requisite statement of facts with record citations. Finding it violative of Fed.R.App.P. 28(a)(3), we order McGoldrick's brief stricken. We note, however, that this order does little actual harm to McGoldrick's interest, for the brief is singularly of little aid to our decision-making process. Four of the six "issues" briefed are built around the argument that the district court erred in granting CAZ summary judgment on its counterclaim; the district court never decided the counterclaim but merely dismissed McGoldrick's demands. The fifth issue relates to the Rule 11 judgment which is not before us. Only the remaining issue, covering four of the 28 pages in McGoldrick's brief, is actually relevant to this appeal. Those four pages contain argument that the summary judgment should not have been granted because CAZ purportedly failed to establish that there were no genuine issues of material fact. This was done without reference to any supportive evidence in the record, contrary to Fed.R.App.P. 28(a)(3) & (e).

We have independently reviewed the record, in the interest of justice and fair play to McGoldrick, and find that the facts and the law fully support the entry of the summary judgment. We find no challenge by McGoldrick to the award of attorney's fees and costs to CAZ and thus are not called upon to review and decide that issue.

■ Considering the totality of the record before us, including what the stricken brief did and did not do, we find and conclude that this appeal is so devoid of merit as to be frivolous, and so frivolous as to warrant the imposition of sanctions by this court, under the authority of Fed.R. App.P. 38 and 28 U.S.C. § 1927. Rule 38 declares: "If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." We award CAZ double costs and, as an additional sanction against McGoldrick, damages in the amount of $1,000.

Under 28 U.S.C. § 1927 an attorney who multiplies proceedings unreasonably and vexatiously may be personally required to

satisfy excess costs, expenses and attorney's fees incurred because of the attorney's conduct. Under this statutory authority, and that granted by Rule 38, we impose an additional $2,000 sanction on Bishop, payable to CAZ within 30 days of the issuance of our mandate.

In light of the circumstances surrounding the initiation and prosecution of this suit, we direct the clerk of this court to forward a copy of this opinion to the appropriate Texas bar grievance committee(s) in order that the Texas bar authorities may be made aware of the activities of Bishop in this matter, that those authorities may take whatever action deemed appropriate.[2] We shall defer for the present any review of the privilege of Bishop to appear before the federal courts in this circuit.

The judgment of the district court, granting summary judgment to CAZ and assessing sanction damages against McGoldrick, as supplemented by the additional sanctions imposed against McGoldrick and Bishop, is AFFIRMED.

The appeal of the December 6, 1985 judgment imposing Fed.R.Civ.P. 11 sanctions on Bishop is DISMISSED.

**2.** Bishop is already the subject of disciplinary proceedings in Texas for his conduct in matters unrelated to the instant litigation. *See Bishop v. State Bar of Texas,* 791 F.2d 435, (5th Cir.1986).