831 F.2d 566
 9 Fed.R.Serv.3d 968
 UNITED STATES of America, Plaintiff-Appellee,
v.
ONE PARCEL OF REAL PROPERTY WITH BUILDINGS, APPURTENANCES
AND IMPROVEMENTS, KNOWN AS THE ROD AND REEL FISH
CAMP, LOCATED AT OCEAN SPRINGS,
MISSISSIPPI, Defendant-Appellant.
 No. 87-4487
 Summary Calendar.
United States Court of Appeals,
Fifth Circuit.
 Nov. 10, 1987.
 
 Barry Hess, Hess, Atchison & Horne, Mobile, Ala., for defendant-appellant.
 Gloria A. Bedwell, Asst. U.S. Atty., Mobile, Ala., for plaintiff-appellee.
 Appeal from the United States District Court for the Southern District of Mississippi.
 Before GEE, GARWOOD and JONES, Circuit Judges.
 PER CURIAM:
 
 
 1
 Drug smugglers purchased a fishing camp on the Mississippi Gulf Coast for use as an off-loading site for contraband, and the government filed a complaint for the property's forfeiture after their convictions. Attorneys purporting to represent the "Defendant Real Property" appeared, filed various pleadings, suffered an adverse judgment, and now appeal. In its opinion granting summary judgment, the district court had stated that the pleadings filed on behalf of the real property were not a claim or defense by any person, 660 F.Supp. 483. Accordingly, it denied "the real property's motion to dismiss the forfeiture, made on various grounds, because it did not have standing.
 
 Analysis
 
 2
 All proceeds traceable to controlled substance exchanges and all real property intended to facilitate such exchanges are subject to governmental forfeiture. 21 U.S.C. Sec. 881(a)(6) and (7). No property, however, is subject to forfeiture if illicitly used without the owner's knowledge or consent. Id. Thus, "owners" have standing to challenge a forfeiture proceeding. The legislative history to Sec. 881(a)(6) and (7) states that "[t]he term 'owner' should be broadly interpreted to include any person with a recognizable legal or equitable interest in the property seized." S.Rep. No. 225, 98th Cong., 2d Sess. 215 (1984); Joint Explanatory Statement of P.L. 95-633, reprinted in 1978 U.S. Code Cong. & Admin. News 9496, 9522 (emphasis added). "Owners" are persons, not pieces of real property.
 
 
 3
 Only owners have standing to challenge a forfeiture action under 21 U.S.C. Sec. 881. See United States v. $47,875.00 in U.S. Currency, 746 F.2d 291, 293-94 (5th Cir.1984). In $47,875.00, a boy borrowed money from his parents to buy marijuana. The government seized the money pursuant to 21 U.S.C. Sec. 881(a)(6). When the parents sought to recover the lent money, we held that they did not have standing because they were not its owners.
 
 
 4
 We have already considered the matter of standing to contest a governmental forfeiture under other statutes. In each case, we held that the ownership interest gives standing. See e.g., United States v. One 18th Century Colombian Monstrance, 797 F.2d 1370, 1375 (5th Cir.1986), cert. denied, --- U.S. ----, 107 S.Ct. 1889, 95 L.Ed.2d 496 (1987) (standing requires claimant to establish an ownership interest in property forfeited under 18 U.S.C. Sec. 545); General Finance Corp. of Florida South v. United States, 333 F.2d 681, 682 (5th Cir.1964) (only an owner is entitled to set up a lack of forfeiture and to claim a remission or mitigation of the penalty under 49 U.S.C. Sec. 782).
 
 
 5
 Only "owners" have standing to contest a 21 U.S.C. Sec. 881(a)(6) and (7) forefeiture. The legislative history indicates that owners are persons, not pieces of real property; this piece of real property has no standing to contest its forfeiture. The judgment below is AFFIRMED.
 
 Sanctions
 
 6
 This appeal is frivolous, and we may therefore award damages and single or double costs to the appellee. Fed.R.App.P. 38. A frivolous appeal is one which involves legal points not arguable on their merits. News-Texan, Inc. v. City of Garland, Texas, 814 F.2d 216, 221 (5th Cir.1987); Olympia Co., Inc. v. Celotex Corp., 771 F.2d 888, 893 (5th Cir.1985).
 
 
 7
 In News-Texan, the City of Garland refused to disclose the names of persons whom it was considering for the post of city manager. A local newspaper sued in state court for violation of the Texas Open Records Act. Garland removed the case under the civil rights removal statute, 28 U.S.C. Sec. 1443(2). The district court remanded to the state court and Garland appealed. Garland argued that removal was appropriate because the city charter provides that the City Council choose the city manager and that disclosing the applicants' names would stimulate public debate, transforming the selection process into an election process and thereby violating the Voting Rights Act. We concluded that this argument did not involve legal points arguable on their merits and was therefore frivolous. News-Texan, 814 F.2d at 221. In Olympia Co., the plaintiff based its antitrust damages on calculations showing what would have occurred had it received the favored price. Prior case law had rejected this formulation, and we found Olympia's appeal frivolous. Olympia Co., 771 F.2d at 893.
 
 
 8
 Like News-Texan and Olympia Co., this appeal is frivolous. Prior case law states with great clarity that owners alone have standing to contest a governmental forfeiture action; the legislative history to 21 U.S.C. Sec. 881(a)(6) and (7) makes plain that owners are persons. The "real property's" contention is not arguable on its merits; it is frivolous. We grant the motion of the United States for attorney fees and double costs, but remand to the district court to determine appropriate amounts. See News-Texan, 814 F.2d at 221; Olympia Co., 771 F.2d at 894.
 
 Attorneys
 
 9
 We may require appellant's attorney to satisfy personally excess costs that result from an unreasonable and vexatious multiplication of proceedings. 28 U.S.C. Sec. 1927.
 
 
 10
 In McGoldrick Oil Co. v. Campbell, Athey & Zukowski, 793 F.2d 649, 653-54 (5th Cir.1986), we invoked 28 U.S.C. Sec. 1927 for a frivolous appeal under Fed.R.App.P. 38. In McGoldrick, the district court had granted appellee's summary judgment motion. After a review of the undisputed evidence, the Court determined that appellant had no legitimate complaint. Id., 793 F.2d at 653. Its appeal was therefore frivolous, and its attorney was therefore subject to liability under 28 U.S.C. Sec. 1927. Id., 793 at 653-54. See also Olympia Co., 771 F.2d at 892-94.
 
 
 11
 Because the "real property's" appeal is frivolous, its attorney, like the attorneys in McGoldrick Oil and Olympia Co., is liable for excess costs. We REMAND to the district court for a determination of the amount of excessive costs incurred. See Olympia Co., 771 F.2d at 894.
 
 It is so
 
 12
 ORDERED.