CORPUS CHRISTI TAXPAYER'S ASSO-CIATION, et al., Plaintiffs–Appellants, Cross–Appellees,

v.

CITY OF CORPUS CHRISTI, TEXAS, Defendant–Appellee, Cross–Appellant,

State of Texas, Defendant–Appellee.

No. 87–6141
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 22, 1988.

Glynn A. Pugh, Corpus Christi, Tex., for plaintiffs-appellants, cross-appellees.

Carol E. Bray, Asst. City Atty., Legal Dept., James Robert Bray, Corpus Christi, Tex., for City of Corpus Christi.

Jim Mattox, Atty. Gen., William D. Kimbrough, Asst. Atty. Gen., Austin, Tex., for State of Texas.

Before RUBIN, GARWOOD, and DAVIS, Circuit Judges:

GARWOOD, Circuit Judge:

Plaintiffs-appellants Corpus Christi Taxpayer's Association, Tom Hunt, and Joe O'Brien (the plaintiffs or the Taxpayers) appeal the district court's dismissal, pursuant to summary judgment, of their suit, which they appear to have attempted to bring under 42 U.S.C. § 1983, against defendants-appellees City of Corpus Christi, Texas (the City) and the State of Texas (the State). The City cross-appeals the district court's denial of its motion for sanctions under Fed.R.Civ.P. 11. The City also requests sanctions for frivolous appeal under Fed.R.App.P. 38 and 28 U.S.C. § 1927. On the merits, we hold that the district court correctly dismissed the suit. We also hold that the City is entitled to relief for frivolous appeal under Rule 38 and section 1927, and that the district court should reconsider its Rule 11 ruling.

## Facts and Proceedings Below

The Taxpayers' amended complaint below complained of a denial of due process concerning the City's 1984 tax ordinance, in two respects. First, it was alleged that this ordinance increased the tax rate imposed by the City over that prevailing in 1983 and that, accordingly, under the Texas statutes and Constitution, and under the United States Constitution, the plaintiffs were entitled to have a public hearing by the City on the 1984 ordinance, but no such hearing was afforded. Second, it was alleged that after being deprived of such a hearing by the City, the Taxpayers filed suit against the City in the proper state trial court complaining of that denial, that both parties filed motions for summary judgment, that the state trial court granted the City's motion and that that was error because there were disputed questions of fact, and that the Taxpayers were not afforded a proper hearing. The Taxpayers further alleged that they appealed the state trial court's adverse judgment to the state court of appeals, which affirmed the trial court's judgment, 716 S.W.2d 578, and that they thereafter appealed the case to the Texas Supreme Court, which on December 17, 1986 refused the Taxpayers' application for writ of error so that the decisions of the state trial court and of the state court of appeals became final.

The Taxpayers further alleged in the present suit that "[t]he combined action of the City and the courts of the State of Texas has served to deprive Plaintiffs of the right to a public hearing, and the right to other hearings allowed under due process of law." The plaintiffs prayed for relief, including a declaration "that the City and State of Texas proceedings here complained of are invalid and void" as contrary to the Fourteenth Amendment of the United States Constitution. It is unquestioned that this reference to "proceedings here complained of" included all the state court proceedings described in the complaint.[1] The complaint also sought a judgment declaring "invalid that portion of the [City's] tax levy in 1984 that exceeded the 1983 tax levy by the City" and ancillary relief, including attorneys' fees.

The City filed a motion to dismiss or for summary judgment on the grounds, among others, that the federal district court lacked jurisdiction because the essence of the plaintiffs' suit was an attempt to revise or modify the state court judgments and that, in any event, the suit was barred by the doctrine of *res judicata*. The State similarly resisted the suit, alleged it had not given its consent to be sued, had immunity under the United States Constitution, and that it was not a "person" for purposes of section 1983. The City, in connection with its motions, furnished the district court copies of the pleadings, judgment, and other relevant papers in the state action. The plaintiffs furnished no meaningful evidentiary response to the City's motion.

In a well-considered opinion supported by numerous authorities cited, the district court held that it lacked subject matter jurisdiction because the plaintiffs, regardless of how they labeled their claim, in substance sought review of the state court judicial proceedings or matters arising out of those proceedings. Alternatively, the district court ruled that the plaintiffs' suit was barred by *res judicata* on account of the final judgment in the state court suit.

We agree, largely for the reasons stated by the district court.

## Discussion

■ The plaintiffs' state court suit specifically complained that the City's 1984 tax ordinance had raised the tax rate over that for 1983, but that the City had not afforded a public hearing in connection therewith as was required by the Texas statutes and Constitution. The plaintiffs' state court pleading, in its paragraph XX, further specifically alleged that the City's conduct in this connection, as alleged elsewhere throughout that pleading, deprived the plaintiffs of property and liberty without due process of law in violation of the Texas Constitution "and the Fourteenth Amendment to the United States Constitution." In paragraph XXI of their state court pleading, the plaintiffs also complained that the Texas Property Tax Code is unconstitutional and void and deprives the plaintiffs of property and liberty "contrary to . . . the Fifth and Fourteenth Amendment[s] to the United States Constitution." Among the relief the plaintiffs sought in the state suit was a declaration that the City's 1984 and 1985 tax ordinances "are unconstitutional," that the City's 1984 tax is illegal and void, that a portion of the Texas Property Tax Code is unconstitutional and void, and a mandatory injunction demanding that the City set the proper tax rate.

The state trial court judgment decreed that the plaintiffs take nothing from the City and denied all relief requested by the plaintiffs. This judgment was rendered in response to the motion for summary judgment of the City. Apparently the City's motion was founded on the proposition that the 1984 tax ordinance did not increase the tax rate. The plaintiffs appealed to the state court of appeals, contending that summary judgment was improper because there was a disputed fact issue as to whether the taxes had been increased, and also complaining that the state trial court

---

1. In their reply brief on appeal, the plaintiffs have since stated that they withdraw this request for relief.

should not have rendered a take-nothing judgment as to their entire suit because the City's motion for summary judgment did not expressly address their constitutional claims. The court of appeals affirmed, noting that the undisputed summary judgment evidence demonstrated there was no tax increase, and the plaintiffs had not, as they should have, opposed the summary judgment on the grounds that it did not properly reach their constitutional claims. Thereafter, the plaintiffs asserted essentially those same two arguments to the Texas Supreme Court, which refused to review the case, with the result that the state trial court judgment became final.

It is clear that the state trial court judgment was one on the merits, and ruled adversely to the plaintiffs on all of their claims, decreeing they take nothing by their suit. Since the plaintiffs' state court pleadings clearly raised the same constitutional complaints about the 1984 tax ordinance that the plaintiffs seek to raise in their present federal suit, it is evident that this aspect of the present suit is nothing but an attempt to challenge the validity of the state trial court judgment that the 1984 tax ordinance did not violate the plaintiffs' federal constitutional rights. However, such an attack can only be made by review in the United States Supreme Court under 28 U.S.C. § 1257 and the district court had no jurisdiction to entertain such an attack. *Carbonell v. Louisiana Department of Health & Human Resources*, 772 F.2d 185, 188 (5th Cir.1985). This conclusion likewise applies to the only other claim asserted in the complaint, namely, that the state trial court erred by rendering summary judgment when the facts were disputed, and by rendering a take-nothing judgment as to the plaintiffs' entire suit when the City's motion for summary judgment had been founded only on the no tax increase theory. Again, if the state trial court erred in this respect, the plaintiffs' remedy was to cure that error by appeal through the Texas courts and ultimately to the United States Supreme Court, and not by an independent proceeding in the federal district court. *See, e.g., Lampkin–Asam v. Supreme Court of Florida*, 601 F.2d 760 (5th Cir. 1979), *cert. denied*, 444 U.S. 1013, 100 S.Ct. 662, 62 L.Ed.2d 642 (1980).

Moreover, it is evident that the plaintiffs' federal suit is barred by *res judicata*. The same claim of invalidity of the City's 1984 tax ordinance, which is made in this federal suit, was included in the state suit, and the state court judgment, by decreeing that the plaintiffs take nothing by their suit, clearly determined that claim on the merits and adversely to the plaintiffs. The plaintiffs in this federal suit are the same parties who were plaintiffs in the state suit, and the City is a defendant in the federal suit as it was also the defendant in the state suit.[2] Therefore, the plaintiffs' claim against the City that the City's 1984 tax ordinance violated their rights under the United States Constitution is barred by *res judicata*. The plaintiffs say that this is not so because the state trial court did not expressly rule on their constitutional claims. However, the state trial court's judgment does not state the basis of its ruling, but rather merely renders judgment that the plaintiffs take nothing by their suit. The judgment is plainly on the merits as to all of the plaintiffs' claims in that suit. Indeed, the bar of *res judicata* extends to all legal theories which would support recovery in respect to the same nucleus of operative facts. Under our decisions in *Gregory v. Drury*, 809 F.2d 249, 253–54 (5th Cir.1987), and *Flores v. Edinburg Consolidated I.S.D.*, 741 F.2d 773 (5th Cir.1984), the state trial court judgment is plainly preclusive of the present suit. *See also, e.g., Segrest v. Segrest*, 649 S.W.2d 610, 612 (Tex.1983).

We accordingly affirm the district court's dismissal of the plaintiffs' suit.

We turn now to the City's cross-appeal, complaining of the district court's de-

---

**2.** It is true that the State, a named defendant in the present federal suit, was not a party to the prior state suit. However, the State is clearly immune from federal court suit under the Elev-enth Amendment and is not a "person" for purposes of section 1983. Therefore, dismissal of the State also mandated on these grounds.

nial of its request for sanctions under Fed. R.Civ.P. 11. Promptly after the plaintiffs' suit was filed, the City moved for dismissal and also for Rule 11 sanctions. The case remained pending for approximately seven more months, during which time numerous motions and the like were filed. The City clearly and adequately disclosed the baselessness of the plaintiffs' suit, but the plaintiffs nevertheless persisted in it. The district court's order on the motion for sanctions does not state whether or not a Rule 11 violation was found, but merely concludes that "sanctions should be denied" without stating any reasons. Nor does anything in the transcript of the sanctions hearing reflect any basis for the district court's action. Here, the basis for sanctions is not a failure to investigate the facts, as these have all along been essentially fully known to all parties and undisputed insofar as they are material to the viability of the plaintiffs' federal suit. Rather, the sanctions motion poses the question of whether the plaintiffs' original and amended complaint, and the plaintiffs' various motions, were submitted without "reasonable inquiry" as to whether the document "is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." Fed.R.Civ.P. 11.

■ The district court's order denying sanctions was rendered before, and therefore without the benefit of, our decision in *Thomas v. Capital Security Services, Inc.,* 836 F.2d 866 (5th Cir.1988) (en banc). Under *Thomas,* we review a denial of Rule 11 sanctions under an abuse of discretion standard. *Id.* at 872. However, a district court abuses its discretion if it finds a Rule 11 violation and does not impose some form of sanctions. *Id.* at 876. Although this Court does not routinely require district court findings and conclusions in Rule 11 cases, the record must reflect some reason for the court's denial of the requested Rule 11 sanctions when the face of the record appears to warrant the Rule's application. *Id.* at 883. That is the situation here. The Taxpayers' legal arguments in support of their federal suit are not warranted by existing law or any good faith argument

for its extension, modification, or reversal. It is impossible to tell whether or not the district court found there was a Rule 11 violation. If it found a Rule 11 violation, but nevertheless declined to impose any sanctions, that would be contrary to *Thomas.* On the other hand, if the court found there was no Rule 11 violation, then, at the least, in light of this record, the district court was called on to make some explanation on the record of why it reached that conclusion.

Accordingly, we vacate the district court's denial of sanctions and remand that aspect of the case to the district court for reconsideration and further action in accordance with this opinion and *Thomas.*

■ We next turn to the City's motion in this Court seeking damages and double costs on appeal under Fed.R.App.P. 38, and requiring the Taxpayers' counsel to personally satisfy such excess costs pursuant to 28 U.S.C. § 1927. We conclude that the Taxpayers' appeal involves legal points not arguable on their merits, and that the appeal is accordingly frivolous. The City is thus entitled to its Rule 38 costs reasonably incurred on this appeal. *See United States v. One Parcel of Real Property,* 831 F.2d 566, 568 (5th Cir.1987); *Hale v. Harney,* 786 F.2d 688, 692 (5th Cir.1986); *Hagerty v. Succession of Clement,* 749 F.2d 217 (5th Cir.1984); *News–Texan, Inc. v. City of Garland, Texas,* 814 F.2d 216, 221 (5th Cir.1987). The City is also entitled to relief against the Taxpayers' counsel personally for the unreasonable and vexatious multiplication of these proceedings by the Taxpayers' appeal to this Court and their various motions filed in connection therewith. 28 U.S.C. § 1927; *One Parcel,* 831 F.2d at 568–69; *Harney,* 786 F.2d at 692; *McGoldrick Oil Co. v. Campbell, Athey & Zukowski,* 793 F.2d 649, 653–54 (5th Cir. 1986); *Olympia Co., Inc. v. Celotex Corp.,* 771 F.2d 888, 892–94 (5th Cir.1985).

Accordingly, we grant the motion of the City for damages under Fed.R.App.P. 38, but remand to the district court for determination of the proper amount, namely, the reasonable attorneys' fees and other ex-

penses reasonably incurred by the City by virtue of this appeal. We also grant the City's motion to assess such costs against the Taxpayers' counsel personally, under 28 U.S.C. § 1927, so that he or they will be liable for them personally as well as the Taxpayers' being liable therefor. On remand, the district court should determine the amount of excess costs incurred by virtue of this appeal. The district court shall also apportion the amounts awarded as between the Taxpayers and their counsel. *See Harney,* 786 F.2d at 692; *Olympia Co.,* 771 F.2d at 894.[3]

### Conclusion

We affirm the district court's dismissal of the plaintiffs' suit. We vacate the district court's denial of the City's motion for Fed.R.Civ.P. 11 sanctions, and we remand the matter of Rule 11 sanctions to the district court for further proceedings consistent herewith and with *Thomas.* We deny the motions of the plaintiffs for relief under Fed.R.App.P. 38 and 28 U.S.C. § 1927. We grant the motions of the City under Fed.R.App.P. 38 and 28 U.S.C. § 1927 for damages and excess costs by reason of this appeal, and we remand that matter to the district court to determine the amount of such damages and excess costs and to apportion the same between the Taxpayers and their counsel.

AFFIRMED in part; VACATED in part and REMANDED.

---

**3.** The Taxpayers also request Fed.R.App.P. 38 and 28 U.S.C. § 1927 relief against the City and its counsel. This request is frivolous and is denied. Rule 38 is inapplicable because the City is an appellee. As to section 1927, it is the Taxpayers and their counsel, and not the City or its counsel, which has unreasonably and vexatiously multiplied these proceedings.