Polly Method KELLERMAN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 88–1617.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 15, 1988.

Decided Dec. 28, 1988.

Before LAY, Chief Judge, FAGG, Circuit Judge, and REASONER,[*] District Judge.

v.

UNITED STATES of America, Appellee.

No. 88–1617.

United States Court of Appeals,
Eighth Circuit.

Feb. 10, 1989.

**1364**

Before LAY, Chief Judge, FAGG, Circuit Judge, and REASONER,* District Judge.

PER CURIAM.

This matter comes before the court on the government's motion for double costs and attorney fees which it bases on the fact that the appeal in this case was dismissed as frivolous. We grant the motion to award double costs and attorney fees under Federal Rule of Appellate Procedure 38 and order that they be paid into the registry of the clerk of court of the United States District Court for the Western District of Missouri for and on behalf of the United States of America. We further order that the costs and attorney fees be paid directly by appellant's counsel, William H. Pickett, rather than by his client. *See Corpus Christi Taxpayer's Ass'n v. City of Corpus Christi, Tex.,* 858 F.2d 973, 977 (5th Cir.1988); *Acevedo v. INS,* 538 F.2d 918, 921 (2d Cir.1976).

The present case was brought by Polly Kellerman under the Federal Tort Claims Act in connection with the alleged improper activities of Dr. Jeffrey Thiele, a psychiatrist who was then employed by the Harry S. Truman Memorial Veterans' Administration Hospital (V.A. Hospital) in Columbia, Missouri. Kellerman retained Thiele's services prior to his employment with the V.A. Hospital while he was a resident at the Kansas University Medical Center. Kellerman and Thiele became involved in a social relationship which allegedly included sexual encounters. When Thiele relocated in Missouri to work at the V.A. Hospital, Kellerman voluntarily moved to Columbia in order to continue her treatment with Thiele. Her relationship with Thiele continued while he was employed as a psychiatrist for the V.A. Hospital.

The very limited involvement of the V.A. Hospital and the United States with this case is set forth above. The trial court found nothing in the record to indicate that Kellerman ever received medical care at the V.A. Hospital. Kellerman is not a veteran of the armed forces and has never been eligible for Veterans' Administration benefits. She was not treated as a patient at the V.A. Hospital and she was never billed for any services rendered by the V.A. Hospital.

Kellerman's counsel claims that his theory is based upon an expansion of liability under the Restatement (Second) of Agency §§ 261 and 262. There is no factual predicate on which such a claim could be made and there is no serious legal argument that would support such an application of the Restatement. The claim against the Veterans' Administration is completely frivolous and any reasonable evaluation by counsel should have reached the same conclusion. Plaintiff has failed to prove that a cause of action exists against the defendants and on this basis the court unanimously finds that counsel shall be directly liable for double costs and attorney fees as claimed by the United States. We find the costs of $359.80 and attorney fees of $1,701.50 in-

* The HONORABLE STEPHEN M. REASONER, United States District Judge for the Eastern Dis-

trict of Arkansas, sitting by designation.

curred by the government on appeal to be reasonable. The cause is remanded to the district court for entry of judgment in favor of the United States in the sum of double costs and attorney fees.