IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60625
Summary Calendar
_____

DREW ALLEN RAYNER,

                                        Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA; ET AL,

                                        Defendants

UNITED STATES OF AMERICA,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:99-CV-272-GR
--------------------
March 29, 2001

Before SMITH, BENAVIDES, and DENNIS Circuit Judges.

PER CURIAM:[*]

Drew Allen Rayner appeals from district court orders (1) dismissing his claims against the United States, the Internal Revenue Service (IRS) and various IRS officials seeking an income tax refund and (2) denying his related request for a temporary restraining order (TRO) to prevent IRS collection activities. Because Rayner's requests are patently frivolous, we AFFIRM the judgments of the district court.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On April 15, 1998, Rayner filed a Form 1040 federal income tax return for the taxable year 1997. In that return, Rayner reported that he had earned no income. In an attached letter, Rayner explained his belief that income "can only be a derivative of corporate activity." Moreover, he stated that no tax had been "assessed" against him. Consequently, Rayner maintained that he was entitled to a full refund of the $6,237 that had been withheld for taxes during the course of 1997. In September 1998, the IRS notified Rayner that he had filed a "frivolous return" for 1997 and that he had 30 days to correct it to avoid a "frivolous return penalty." Rayner did not respond to this letter. On January 11, 1999, the IRS assessed a $500 penalty against Rayner for filing a frivolous income tax return. Subsequently, the IRS prepared a substitute federal income tax return, then issued a notice of deficiency to Rayner. Though Rayner apparently disagreed with the deficiency determination, he did not petition the Tax Court for a recalculation.

Proceeding *pro se*, Rayner filed the present suit on July 8, 1999 asserting his entitlement to a refund of the taxes collected from him, because no taxes had been properly assessed against him. Rayner later filed a Rule 65(b) TRO motion seeking to prevent the IRS from collecting any fines assessed against him. On August 16, the IRS made an assessment against Rayner for $10,966, then informed Rayner of his $4,729 tax balance for 1997.

In December 1999, the district court denied Rayner's request for a TRO after finding that Rayner "failed to offer any argument or evidence to show that the government is unlikely to prevail on

the merits under any circumstances."  The next month the district court dismissed Rayner's action against the IRS and individual IRS officers pursuant to Rule 12(b)(2).  The district court dismissed Rayner's remaining claim against the United States pursuant to Rule 12(b)(1) and (b)(6) in June of 2000.  The court concluded that it lacked subject matter jurisdiction over the suit because Rayner failed to completely pay the taxes assessed against him.  Alternatively, the court held that dismissal pursuant to 12(b)(6) was proper because Rayner's claim that no taxes had been assessed against him had no legal basis and was, in any event, rendered moot by the August 16, 1999 assessment issued by the IRS.

Rayner's appeal is completely devoid of relevant legal authority and, therefore, patently frivolous.  *See Olympia Co., Inc. v. Celotex Corp.*, 771 F.2d 888, 893 (5th Cir.1985) (stating that a "frivolous appeal is one which involves legal points not arguable on the merits") (citation omitted), cert. denied, 493 U.S. 818, 110 S.Ct. 73, 107 L.Ed.2d 39 (1989).  At the bottom of Rayner's claim for a tax refund is his "strong belief" that he had no taxable income in 1997.  Yet, Rayner has failed to provide a single comprehensible legal argument in support of this belief or the points of error raised in this appeal.

In light of this complete absence of authority, the district court properly dismissed Rayner's claims against the IRS and individual defendants pursuant to Rule 12(b)(2).  *See* 26 U.S.C. § 7422(f)(1)(explaining that a refund suit "may be maintained only against the United States and not against any officer or employee

3

of the United States (or former officer or employee) or his personal representative"). The district court also did not err in dismissing Rayner's claim against the United States for lack of jurisdiction, *see Flora v. United States*, 362 U.S. 145, 177 (1960) (requiring "full payment of the [tax] assessment before an income tax refund suit can be maintained in a Federal District Court."); *Shanbaum v. United States*, 32 F.3d 180, 182 (5th Cir. 1994), and for failure to state a claim on which relief can be granted. *See In re Swift*, 129 F.3d 792, 799 n.41 (5th Cir. 1997). As to Rayner's TRO request, the district court could have abused its discretion only by granting relief since Rayner provided absolutely no legal basis for successfully obtaining a refund of taxes paid. *See* FED. R. CIV. PROC. 65(b). Though Rayner does not raise the magistrate's decisions to stay all discovery as an issue on appeal, we note for the sake of completeness that neither the district court nor the magistrate judge abused its discretion in this regard.

Rayner's appeal surpasses mere frivolity and registers an extraordinary score on the appellate scale of vexation. Mr. Rayner is given notice that future frivolous appeals will be subject to the full panoply of sanctions authorized by Federal Rule of Appellate Procedure 38. We encourage the government to consider moving for such sanctions if faced with frivolous actions like this one in the future.

AFFIRMED.