**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 4, 2013

Lyle W. Cayce
Clerk

No. 12-20235
Summary Calendar

JUAN FERBES CARRASCO,

  Plaintiff-Appellant

v.

CITY OF BRYAN, TEXAS,

  Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-662

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Juan Ferbes Carrasco appeals the order dismissing his federal suit against the City of Bryan, Texas, as barred by res judicata. Representing himself, Carrasco contends that res judicata should not apply because the Texas court's dismissal of his first suit against the City was not an adjudication on the merits. He asserts that the state court erred by dismissing the suit on sovereign immunity grounds without giving him an opportunity to amend his petition and that he was denied a full and fair opportunity to present his claims. To the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

extent Carrasco asserts that the Texas court erred in determining that the City was entitled to sovereign immunity, in failing to grant him leave to amend, or in entering a dismissal with (rather than without) prejudice, we have no jurisdiction to review those decisions. *See Corpus Christi Taxpayer's Ass'n v. City of Corpus Christi*, 858 F.2d 973, 976 (5th Cir. 1988). The state court's dismissal with prejudice is a final judgment on the merits. *See Harris County v. Sykes*, 136 S.W.3d 635, 639, 640 (Tex. 2004); *Mossler v. Shields,* 818 S.W.2d 752, 753-54 (Tex. 1991).

Carrasco also contends that res judicata should not apply because he is seeking monetary damages for constitutional violations under § 1983 that he erroneously contends the Texas court had no power to award. That his federal suit also seeks recovery under § 1983 does not preclude res judicata; the district court properly applied the doctrine because the instant suit arises from the same set of facts as the earlier state court suit. *See Felder v. Casey*, 487 U.S. 131, 139 (1988) (recognizing state courts' concurrent jurisdiction over § 1983 claims); *Barr v. Resolution Trust Corp. ex rel Sunbelt Fed. Sav.*, 837 S.W.2d 627, 630-31 (Tex. 1992) (discussing the transactional approach applied by Texas courts)*; cf. Black v. N. Panola School Dist.*, 461 F.3d 584, 589-92 (5th Cir. 2006) (applying Mississippi's transactional approach to bar federal § 1983 suit where plaintiff previously asserted claims under state tort law arising from the same set of facts).

Finally, Carrasco contends that the district court's dismissal of his suit under Rule 12(b)(6) was inappropriate because the City did not respond to his discovery requests. Because there is no suggestion that discovery could have produced information showing that the suit was not barred by res judicata, this argument is meritless. *See Ferrer v. Chevron Corp.*, 484 F.3d 776, 782-83 (5th Cir. 2007).

AFFIRMED.