**ALTER FINANCIAL CORPORATION, Plaintiff,**

**Carlos E. Zeledon, Appellant,**

v.

**CITIZENS AND SOUTHERN INTERNATIONAL BANK OF NEW ORLEANS, Defendant-Appellee.**

No. 86–3877

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 22, 1987.

Harry T. Widmann, New Orleans, La., for appellant.

Warren M. Schultz, Jr., Anne Horton-Breaux, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for defendant-appellee.

Before CLARK, Chief Judge,
GARWOOD, and HILL, Circuit Judges.

PER CURIAM:

Carlos E. Zeledon appeals the assessment of attorney's fees against him under 28 U.S.C. § 1927. We affirm the district court's judgment.

## I.

Zeledon's client, Alter Financial Corporation ("Alter") sued Citizens and Southern International Bank of New Orleans ("Citizens") alleging that Citizens failed to secure payment of six promissory notes executed in favor of Alter. In June 1985 Alter's attorneys withdrew as counsel of record and Alter did not replace them. In January 1986 Citizens moved for summary judgment. Alter did not respond or appear and the district court granted the motion.

Zeledon then became Alter's counsel of record and filed an appeal of the summary judgment. The Fifth Circuit affirmed the summary judgment and granted Citizens motion that double costs and attorney's fees be assessed against Alter as a sanction for filing a frivolous appeal. *Alter Financial Corporation v. Citizens and Southern International Bank of New Orleans*, 795 F.2d 83 (5th Cir.1986). On remand the district court assessed $8,503.30 in attorney's fees against Alter and Zeledon in solido, and $258.00 in double costs against Alter.

## II.

 Zeledon asserts that the district court exceeded the scope of the Fifth Circuit's mandate by assessing attorney's fees against him as well as Alter. The Fifth Circuit panel opinion stated "pursuant to Fed.R.App.P. 38 and 28 U.S.C. § 1927, we assess double costs against Alter. We also award attorney's fees to [Citizens]...." Zeledon points out that the panel opinion does not mention him and does not state fees should be assessed against Alter's

counsel. He asserts that the reference to 28 U.S.C. § 1927, a statute which *only* refers to sanctions against counsel, was cited by mistake.

We decline to make the assumption that the citation to 28 U.S.C. § 1927 was an error. The panel opinion discussed the fact that Alter's response to Citizen's motion for sanctions was repetitive and referred to facts not in the record.

We have allowed sanctions when an appeal, which is not arguable on the merits and is therefore frivolous, is brought unreasonably and vexatiously. *E.g., Olympia Co., Inc. v. Celotex Corp.*, 771 F.2d 888, 893 (5th Cir.1985). As the prior panel opinion discussed, Zeledon failed to raise a genuine issue of material fact in his appeal of the summary judgment and presented facts and issues never presented to the district court. The assessment against Zeledon was certainly permissible.

## III.

As his second point, Zeledon asserts the district court erred by allowing Citizens to include work done by paralegals and a law clerk in its assessment of fees. Under other attorney's fee statutes we have allowed the award of fees for work that was traditionally performed by an attorney. *See, e.g., Richardson v. Byrd*, 709 F.2d 1016, 1023 (5th Cir.1983); *Jones v. Armstrong Cork Co.*, 630 F.2d 324, 325 n. 1 (5th Cir.1980). The same result should obtain under 28 U.S.C. § 1927.

## Conclusion

We affirm the judgment of the district court.

AFFIRMED.