962 F.2d 13
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas ABBOTT, Plaintiff-Appellant
v.
THE BOEING CO.; Bob Gramath; J. McKillip; Bill Moore;
Bob Ripley and W.D. Wolsey, Defendant-Appellee.
 No. 91-35905.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1992.*
Decided April 29, 1992.
 
 Before HUG, D.W. NELSON and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 After rejecting Thomas Abbott's appeal on the merits in this case, No. 89-35780 (9th Cir. July 30, 1990), this panel awarded the respondents (collectively "Boeing") attorneys' fees and double costs on appeal pursuant to Fed.R.App.P. 38. We remanded the case to the district court to determine the amount of those fees. The district court awarded fees in the amount of $11,627.50 against both Abbott and his attorney, Norman Cohen. Abbott and Cohen appeal this award. We affirm.
 
 
 3
 Appellants (presumably Cohen) first object to the district court's decision to hold Abbott and Cohen jointly and severally liable for the amount of the fee award. It is clear that this court has the power under Rule 38 to impose fees on counsel as well as on litigants. See, e.g., Nevijel v. North Coast Life Ins. Co., 651 F.2d 671 (9th Cir.1981). Appellants contend, however, that the district court exceeded the scope of its authority in awarding fees against Cohen, since Cohen was not mentioned in our order remanding the case to the district court.[1] We conclude that the district court's decision was within the scope of its authority.
 
 
 4
 It is true that our prior decision does not mention Cohen by name. However, the structure of that order certainly leaves open the possibility that Cohen would be sanctioned. In the order, we required "appellant to pay appellees double costs." By contrast, we did not specify who should pay the attorneys' fees; we merely said that "we grant appellee's request for attorneys' fees." Further, the conduct we described as sanctionable--failing to pursue the case, obstructing discovery, and filing a claim with no basis in the law--was conduct engaged in by Cohen as well as by Abbott. Indeed, Cohen was sanctioned by the district court on two separate occasions for obstructing discovery. The Fifth Circuit has approved the assessment of fees against counsel as well as litigants on the basis of an order virtually identical to ours. Alter Fin. Corp. v. Citizens & So. Int'l Bank, 817 F.2d 349, 350 (5th Cir.1987). Under the circumstances, the district court did not err in holding Abbott and Cohen jointly and severally liable.
 
 
 5
 Second, appellants contend that they were denied due process of law because the district court did not allow discovery or an evidentiary hearing on the reasonableness of the fees. It is true that appellants are entitled to "an appropriate hearing" before sanctions are imposed. Western Systems, Inc. v. Ulloa, No. 90-15732, slip op. 2137, 2154 (9th Cir. March 4, 1992). However, oral argument or an evidentiary hearing is not required as long as the record and the affidavits submitted are "sufficiently detailed to provide an adequate basis for calculating an award." Sablan v. Dept. of Finance, 856 F.2d 1317, 1322 (9th Cir.1988); see Hudson v. Moore Business Forms, 898 F.2d 684, 686 (9th Cir.1990).
 
 
 6
 In this case, Boeing submitted detailed timesheets explaining its fee request. Although appellants requested more information, they have offered no reason to question the accuracy or reasonableness of the fees requested. Absent such a challenge, we conclude that the district court had ample information before it from which to calculate the fee award. Optyl Eyewear Fashion Int'l Corp. v. Style Cos., 760 F.2d 1045, 1051 (9th Cir.1985). Appellants were not entitled to an evidentiary hearing under these circumstances.
 
 
 7
 Finally, we deny Boeing's request for further sanctions on appeal. While we conclude that sanctions properly were awarded against Cohen as well as Abbott, it is true that Cohen was not mentioned in our prior order. Given that, appellants' argument that he was not included within the scope of the sanctions order was not "wholly without merit." Richmark Corp. v. Timber Falling Consultants, No. 91-35966, slip op. 3129, 3156-57 (9th Cir. March 30, 1992).
 
 
 8
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously find this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In that order, we said:
 Finally, we grant appellee's request for attorneys' fees and order appellant to pay appellees double costs pursuant to Fed.R.App.P. for bringing a frivolous appeal. After filing this case, appellant did nothing to litigate it actively and repeatedly failed to cooperate with discovery. There was no basis in the facts of the case or the law for appellant to file an appeal. Appellant cannot expect relief for baseless claims on appeal, particularly if he does not actively pursue his claims in the district court. We therefore remand to the district court for computation of attorneys' fees.
 Slip op., at 5.