United States Court of Appeals,

Fifth Circuit.

No. 92-4192.

Oscar J. RUIZ, Administrator of the Estate of Theresa Martinez-Garza, Deceased, and Guardian of the Minors, Theresa Martinez Garza and Regina Martinez Garza, et al., Plaintiffs-Appellees,

v.

Marco A. MEDINA, Etc., et al., Defendants,

Michael C. Thelen and KLLM, Defendants-Appellants.

Jan. 12, 1993.

Appeal from the United States District Court for the Eastern District of Texas.

Before GOLDBERG, JOLLY, and WIENER, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

The appellants in this case, Michael C. Thelen and K.L.L.M., Inc. (hereinafter "Thelen"), contend that the record does not support the district court's findings. We hold that the record fully supports the district court's findings and, thus, they are not clearly erroneous. Furthermore, we find that this appeal is frivolous. Accordingly, we award the appellees double costs and $1,500 in attorney's fees.

I

This case arose out of an automobile accident that occurred on a snowy day in 1988. Theresa Martinez Garza's automobile spun out of control when she tried to pass the car in front of her. Thelen then crashed into her car, killing her and injuring her two children. The district court found that Thelen negligently failed to keep a proper lookout and drove at a "rate of speed which was greater than that which an ordinary prudent person would have driven under the same or similar circumstances and weather conditions." Based on these findings, the district court found that Thelen was 30% responsible for the accident.

We review these factual findings under the clearly erroneous standard. Rule 52(a) of the Federal Rules of Civil Procedure provides that "[f]indings of facts, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous." Under this standard, we may

not reverse the district court's decision merely because we are convinced that we would have decided the case differently. *Anderson v. City of Bessemer,* 470 U.S. 564, 574, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985). When the "district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse." *Id.*

Despite counsel's arguments, we are thoroughly convinced that the record supports the district court's findings. Thelen admitted that he did not see Garza's car until it was already in his lane and out of control. He also admitted that he was driving at an unsafe speed. These admissions alone support the district court's findings. Furthermore, we take some offense that Thelen distorted the record below when he quoted the district court out of context. Thelen quotes the following statement made by the district court, but he leaves off the underlined sentence:

> I think that Mr. Thelen did everything that he could under the circumstances. I think he drove well, he handled his truck well, but he was in a situation in which he had to come in a box or committed himself to get in a box, and there just was not anything he could do. I think he did everything he possible could do or anybody else could do. <u>The only thing was the acts of negligence which the Court has already mentioned.</u>

Thelen suggests that these statements demonstrate that the district court could not, and did not find him negligent. When these statements properly are read in context, however, it is clear that the district court did find Thelen negligent. The district court's comments only demonstrate that the district court believed that once Thelen negligently put himself in a situation where he could not avoid the accident, he did everything in his power to avoid the accident and minimize its severity.

II

We now turn to the question of whether we should award damages because Thelen's appeal is frivolous. Rule 38 of the Federal Rules of Appellate Procedure provides that "[i]f a court of appeals shall determine that an appeal is frivolous, it may award damages and single or double costs to the appellee." Under this rule, we clearly have the authority to award double costs and attorney's fees if a party brings a frivolous appeal. *See Atwood v. Union Carbide Corp.,* 847 F.2d 278, 281 (5th Cir.1988); *Alter Fin. Corp. v. Cit. So. Intern. Bank,* 817 F.2d 349, 350 (5th Cir.1987).

This appeal is frivolous. Although Thelen argues that no evidence supports the district court's findings, Thelen stipulated to or admitted the very evidence that was the basis of the district court's

decision. Indeed, any reasonable-minded professional reviewing the evidence in the case would conclude that the district court's findings were not clearly erroneous, especially as that term has been defined by the Supreme Court in *Anderson,* 470 U.S. at 574, 105 S.Ct. at 1511. The fact that another court viewing the same evidence might have come to a different conclusion does not justify an appeal. We, therefore, award the plaintiff double costs and $1,500 in attorney's fees, to be borne by Thelen's counsel.

III

For all the reasons stated above, we AFFIRM the judgment of the district court, and award double costs and $1,500 in attorney's fees.

AFFIRMED.