IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-30678
Summary Calendar
_____

CHARLES G. STUMPF, JR.,

                    Plaintiff - Appellee,
                    Cross-Appellant - Cross-Appellee,

versus

GREATER NEW ORLEANS EXPRESSWAY COMMISSION ET AL.,

                    Defendants,

ST TAMMANY PARISH, JEFFERSON PARISH,

                    Defendants - Cross Appellees - Cross Appellants,

GREATER NEW ORLEANS EXPRESSWAY COMMISSION;
RONALD GOUX; REED INGRAM; FRANK SIMONE;
RICHARD BLANKE; HUNTER WAGNER, JR.;
WILFRED GRIFFIN, JR; ROBERT SUTHERLIN,

                    Defendants - Appellants-Cross-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 96-CV-3571
- - - - - - - - - -
February 20, 1998
Before DUHE' DeMOSS and DENNIS, Circuit Judges.

PER CURIAM:[*]

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The Greater New Orleans Expressway Commission (GNOEC); GNOEC Chairman Robert Goux; GNOEC Commissioners Reed Ingram, Frank Simone, and Richard Blanke; GNOEC General Manager Hunter Wagner, Jr.; GNOEC Assistant Manager Wilfred Griffin, Jr.; and GNOEC Chief of Police Robert Sutherlin (collectively, the GNOEC Defendants); St. Tammany Parish; and Jefferson Parish appeal the denial of their motion for FED. R. CIV. P. 11 sanctions following the summary-judgment dismissal of a civil RICO complaint filed by Charles G. Stumpf, Jr. Stumpf's complaint sought treble damages for alleged violations of 18 U.S.C. § 1962; alleged claims under the Hobbs Act, 18 U.S.C. § 1951, and the Interstate Travel in Aid of Racketeering Act, 18 U.S.C. § 1952; and alleged claims of unlawful arrest, false imprisonment, malicious prosecution, conspiracy to assault, intentional infliction of emotional distress, intentional interference with business relations, and slander. Stumpf has filed a cross-appeal challenging the dismissal of his complaint.

Having reviewed the record and the briefs of the parties we hold that the denial of Rule 11 sanctions was within the discretion of the district court. Lulirama Ltd. v. Axcess Broad. Serv., 128 F.3d 872, 884 (5th Cir. 1997); Thomas v. Capital Sec. Serv., Inc., 836 F.2d 866, 872 (5th Cir. 1988) (en banc) (interpreting former version of Rule 11). Stumpf's cross-appeal is frivolous and we dismiss it as such. Khurana v. Innovative Health Care Sys., Inc., 130 F.3d 143, 149 (5th Cir. 1997); Crowe

v. Henry, 43 F.3d 198, 203-06 (5th Cir. 1995); see Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

The defendants/cross-appellees' motion for an award of damages under Fed. R. App. P. 38 is GRANTED because the result of Stumpf's appeal is obvious and the arguments of error are wholly without merit. Diaz v. Methodist Hosp., 46 F.3d 492, 498 (5th Cir. 1995). We award the defendants double costs and $1500 in attorney fees, to be borne by Stumpf's attorney, Stephen J. Caire. See Ruiz v. Medina, 980 F.2d 1037, 1038-39 (5th Cir. 1993).

DENIAL OF FED. R. CIV. P. 11(c) MOTION AFFIRMED; CROSS-APPEAL DISMISSED; FED. R. APP. P. 38 MOTION GRANTED.