Raymond L. HALL, Appellant, and Quaker City Industries, Inc., a corporation of New York,

v.

U. S. FIBER & PLASTICS CORPORATION, a corporation of New Jersey.

No. 72-1212.

United States Court of Appeals, Third Circuit.

Argued Jan. 9, 1973.

Decided April 5, 1973.

Lawrence I. Lerner, Lerner, David & Littenberg, Newark, N. J., for appellant.

Alfred P. Ewert, Morgan, Finnegan, Durham & Pine, New York City, Milton, Keane & DeBona, Jersey City, N. J., for appellee.

Before McLAUGHLIN and VAN DUSEN, Circuit Judges, and GREEN, District Judge.

## OPINION OF THE COURT

### PER CURIAM:

This is a patent infringement case involving an above ground swimming pool. Plaintiffs charged that similar pools manufactured and sold by defendant infringed their patent, which covered a certain type of walk-around deck surrounding the basic pool frame. The patent in suit was held by appellant Hall and was licensed exclusively to Quaker City Industries, Inc., the other plaintiff below.

The district court, 341 F.Supp. 978, held plaintiff Hall's patent invalid and not infringed by defendant U. S. Fiber and Plastic Corporation. Hall appeals only the question of invalidity and not non-infringement so that the portion of the decision pertaining to non-infringement became final. During oral argument, the attorney for appellee suggested that appellee had no interest in the matter since he had conclusively not infringed, and therefore could be in no way affected by any possible change in the validity holding on appeal. In that position appellee asserts that the appeal should be dismissed as moot, since no case or controversy existed between the parties, as is constitutionally required for this court's jurisdiction.

Considering all the circumstances, the panel recommended that each side submit supplemental briefs on the point of mootness, so that an accurate and fair decision could be reached. The parties have so complied.

Appellant first contends that Electrical Fittings Corp., et al. v. Thomas & Betts Co., et al., 307 U.S. 241, 59 S.Ct. 860, 83 L.Ed. 1263 (1939) and Altvater et al. v. Freeman, et al., 319 U.S. 359, 63 S.Ct. 1115, 87 L.Ed. 1450 (1943) are similar to the appeal before us. They do enable this court to consider the validity of the suit patent. We disagree with appellant's interpretations of the Thomas and Betts decisions because the case at bar is not only readily distinguished but should be. In Electrical Fittings, the court concluded that the contested patent there was valid but not infringed. The defendant appealed the validity holding which was, in effect, against his interests since in future litigation, that result could be res judicata against him. The Supreme Court's opinion showed concern for this possible injustice to the plaintiff, and held that the defendants were entitled to have that portion of the decree eliminated. Therefore, the Court of Appeals had jurisdiction to hear the appeal and consider the decree of validity, for the purpose of doing complete justice to the defendants. See Electrical Fittings Corp., supra, 307 U.S. p. 242, 59 S.Ct. 860. In the present litigation the patent was declared invalid and not infringed and the appeal was by plaintiff on the question of validity. Therefore no injustice could be done even indirectly to the defendant

as the entire decision was in his favor. He did not appeal because he had nothing more to gain or lose by a change in the validity determination.

The Altvater suit, like Electrical Fittings, involved a holding of patent validity, which had not been infringed. There, however, the alleged infringer counterclaimed, asserting the invalidity of the patent, and actively sought such a declaration. A judgment thereon, would then have been open to appeal, for there would still have existed an active controversy, defendant having established his continued interest by his counterclaim. That was not the situation in the present appeal as no counterclaim of invalidity was ever entered. Therefore it is readily seen that the Electrical Fittings opinion does not control the particular problem in the instant appeal.

■ Appellant admits in his brief, that our question in issue here has already been passed upon by a number of the circuits, which generally have decided that appeals of this type are moot and that the lower court judgment of patent invalidity will not be vacated. Cover v. Schwartz, 133 F.2d 541 (2 Cir. 1942); Scaramucci v. Universal Manufacturing Co., Inc., 359 F.2d 388 (5 Cir. 1966). Appellant questions what he alleges is the harshness of such holdings and cites Hayes Spray Gun Co., et al. v. E. C. Brown Co., 291 F.2d 319 (9 Cir. 1961) as standing for the proposition that circuit courts have jurisdiction to review holdings of patent invalidity under circumstances as are argued in this appeal. In Scaramucci v. Universal Mfg. Co., supra, the Hayes decision was criticized and it was pointed out how the Supreme Court, relying on Cover v. Schwartz, supra, determined in Altvater v. Freeman, 319 U.S. 359, 63 S.Ct. 1115, 87 L.Ed. 1450 (1943) "To hold a patent valid if it is not infringed is to decide a hypothetical case." We agree with the Fifth Circuit that where no case or controversy exists, even in patent disputes such as this, a court of appeals is without jurisdiction and will not render an advisory opinion.

It also seems strange that appellant should claim in the harshness of so holding, when to accept his theory and claim for jurisdiction, would cause appellee to be party to a cause which he has no interest whatsoever, and nothing at all to gain or lose. He would have no reason to spend time preparing a defense where he has nothing to defend against. This would obviously call for an advisory opinion by the court and would create unwarranted hardship to appellee.

■ The harshness which appellant alleges could befall him because of the holding of invalidity, is based on his interpretation of Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, et al., 402 U.S. 313, 91 S. Ct. 1434, 28 L.Ed.2d 788 (1971), which concluded that a plaintiff patent owner may be collaterally estopped from asserting his patent in a second action before a second court where the patent has been found invalid in an earlier litigation. There are, of course, circumstances under which Blonder-Tongue would allow a second court to reconsider the validity of the same patent on appeal, depending upon whether the party against whom estoppel is sought had a full and fair opportunity to litigate his claim in the first action. (Blonder-Tongue, p. 347, 91 S.Ct. 1434). Whether the circumstances in the instant matter would dictate the invocation of the collateral estoppel doctrine in future litigation, we need not and cannot now determine. Blonder-Tongue deals exclusively with a second action before a second court. The case at bar is still the first action within the Blonder-Tongue doctrine. In Carter-Wallace, Inc. v. Otte, 474 F.2d 529 (2 Cir. 1972), Judge Friendly mentioned that whether the district court's judgment below and this court's dismissal of the appeal as moot will deprive the district court's judgment of its collateral estoppel effect is a query for other courts where that effect

can be asserted.[1]  This is not such a court.  Appellant urges then, the possibility of harsh result to him versus the strong policy against advisory opinions and the unfair problems which would develop to appellee.  Plainly the question is moot and this court has no right under the facts and law before us to attempt to pass upon it.

This appeal as it stands presents no claim or controversy between the parties.  It will be dismissed as moot.

---

1. We note that the Restatement of Judgments, § 69(2), provides:

   "§ 69.  EFFECT OF APPEAL OR INABILITY TO APPEAL.

   .    .    .    .    .

   "(2) Where a party to a judgment cannot obtain the decision of an appellate court because the matter determined against him is immaterial or moot, the judgment is not conclusive against him in a subsequent action on a different cause of action."

   See also comment d, page 317, of that section.