Charles A. GEORGE,
Plaintiff-Appellant,

v.

STATE OF TEXAS, et al.,
Defendants-Appellees.

No. 85–2749
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 2, 1986.

Rehearing Denied June 5, 1986.

Charles A. George, pro se.

Jim Mattox, Atty. Gen., James C. Todd, Austin, Tex., for State of Tex.

James W. Hill, Asst. City Atty., Houston, Tex., for City of Houston.

Before POLITZ, GARWOOD and JOL-LY, Circuit Judges.

## OPINION

PER CURIAM:

Charles George appeals the dismissal of his *pro se* action which seeks to protect his "right to sex." We affirm.

Disturbed over the "sting" operations conducted by the Houston police department to arrest potential "johns," George filed suit against the State of Texas and the vice squad of the Houston police department seeking to have Tex. Penal Code Ann. § 43.02 (Vernon 1974), which prohibits prostitution, declared unconstitutional and to prevent the Houston police from "entrapping" men into soliciting prostitution by having female officers pose as *demimondaines*. George also filed motions seeking injunctive relief against both Texas and the Houston police vice squad and seeking certification of a class action. Fed. R.Civ.P. 23. Finding the action frivolous, the district court dismissed the complaint and awarded each defendant $250 in sanctions.

George's claim for injunctive relief against the State of Texas was appropriately dismissed since it is barred by the eleventh amendment. *Cory v. White,* 457 U.S. 85, 102 S.Ct. 2325, 75 L.Ed.2d 694 (1982). His claim that the criminalization of prostitution violates the eighth amendment fails to state a valid claim. The eighth amendment applies only to conditions of confinement; it has no application in determining the validity of substantive criminal statutes. We also note that George's claim that Tex. Penal Code Ann. § 43.02 constitutes cruelty to animals (*i.e.* humans) has no constitutional basis.

Dismissal of George's claims against both the State of Texas and Houston was also proper because George lacks standing to pursue his claims either as a class representative or as an individual. The complaint fails to allege that George has ever been prosecuted for soliciting either a prostitute or an undercover police officer in a sting operation. George concedes such. George's argument that the enforcement of § 43.02 of the Texas Penal Code has forced him into either abstaining from sex or becoming a criminal in order to have sex is not enough to demonstrate a valid injury suffered by George as a result of the enforcement of the laws of Texas by the Houston police. *See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982).

The claims presented by George on appeal are devoid of arguable merit. The appeal is patently frivolous. Appellees' motions for sanctions pursuant to Fed.R. App.P. 38 are granted. We award appellees double costs and attorneys' fees. Although the City of Houston has offered documentation of its request for attorneys' fees, the State of Texas has not done so. Believing that "an award [under Fed.R. App.P. 38] 'should be based upon some showing in the record as to the amount of

such damages,'" *Capps v. Eggers,* 782 F.2d 1341, 1343 (5th Cir.1986), (*quoting Knoblauch v. C.I.R.,* 749 F.2d 200, 202–03 (5th Cir.1984), *cert. denied,* — U.S. —, 106 S.Ct. 95, 88 L.Ed.2d 78 (1985)), we remand to the district court for determination of the amount of attorneys' fees to be awarded to appellees for work directly related to this appeal.

AFFIRMED and REMANDED for further proceedings.