Lloyd ATWOOD, et al.,
Plaintiffs-Appellants,

v.

UNION CARBIDE CORPORATION, et
al., Defendants-Appellees.

No. 87–4640
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 21, 1988.
Rehearing Denied Aug. 5, 1988.[*]

Russell S. Gill, Biloxi, Miss., for plaintiffs-appellants.

Robert M. Contois, Jr., New Orleans, La., James O. Dukes, Gulfport, Miss., for Union Carbide.

Lawrence E. Abbott, Michael G. Cordes, Gary P. Landry, New Orleans, La., for Drake & Brent.

Before GEE, RUBIN, and SMITH, Circuit Judges:

PER CURIAM:

Appellees Drake Towing Company ("Drake") and Brent Towing Company ("Brent") move to dismiss this appeal pur-

[*] The opinion on rehearing is published at 850 F.2d 1093.

suant to Fed.R.App.P. 28(a)(4) and 31(c), contending that appellants have failed to brief an alternative ground on which the court below granted summary judgment. Moreover, in two separate motions filed respectively by Drake and Brent jointly, and by appellee Union Carbide, all appellees move to dismiss this appeal as frivolous and request the imposition of double costs and attorneys' fees pursuant to Fed. R.App.P. 38, 28 U.S.C. § 1912, and/or 28 U.S.C. § 1927. We grant appellees' motions and dismiss this appeal as frivolous pursuant to Loc. R. 42.2, and award limited attorneys' fees and double costs.

### I.

The eight appellants in this case are former Drake employees who served as deckhands aboard the M/V WARREN, a tugboat owned and operated by Drake. Between 1977 and 1981, the WARREN pushed unmanned chemical barges owned by Union Carbide. Brent had contracted to provide the towage for Union Carbide and had subcontracted part of the job to Drake.

The present *Atwood* litigation is but one of five consolidated suits involving a total of 41 former Drake employees who served aboard the WARREN. Most of these actions were filed between February and September of 1984, and most seek recovery under the Jones Act and general maritime law for personal injuries allegedly resulting from exposure to toxic fumes.

In July 1987, the court below granted summary judgment on the alternative independent grounds of causation and prescription. In January 1987, another of the five consolidated groups of companion cases—hereinafter referred to as the *Bush* litigation [1]—had been dismissed by the United States District Court for the Eastern District of Louisiana, following a summary judgment for defendants on the sole ground of prescription.

Appeals from both the *Atwood* and *Bush* cases were then duly filed with this court. As might be expected, appellants in the *Bush* litigation briefed prescription, but not causation, as an issue for appellate review. The *Atwood* appellants, on the other hand, have filed no brief at all. Instead, in a self-styled "Motion to Consolidate Appeals and To Adopt the Brief in Case No. 87–3269," appellants sought to adopt the *Bush* brief by reference, on the basis of a supposed identity of issues and facts in the *Bush* and *Atwood* cases. In December 1987, we granted appellants' motion to adopt the *Bush* brief, although the motion to consolidate the *Atwood* and *Bush* appeals was carried with the case and has not been ruled upon.[2]

By letter, the clerk of this court subsequently notified the *Atwood* appellants' counsel that the *Bush* brief was insufficient to address the issues raised by this appeal. Counsel was further informed that such issues would be deemed abandoned if not briefed in compliance with the rules of appellate procedure. Finally, this court set a briefing deadline for March 14, 1988, which counsel has allowed to pass. Presently, he reaffirms his position that "[t]he issue of prescription and causation was addressed in the Bush brief sufficiently to avoid the voluminous briefing required to rehash the same thing all over again in the Atwood cases."

### II.

◼ Appellees Drake and Brent contend that this appeal should be dismissed because appellants have failed to argue the issue of causation, as appellants believe is required by Fed.R.App.P. 28(a)(4). In pertinent part, this subsection of Rule 28 provides as follows:

> The brief of the appellant shall contain ... [a]n argument.... The argument

---

1. *Bush v. Union Carbide Corp.,* No. 84–936 (E.D.La. Dec. 30, 1986) [available on WESTLAW, 1986 WL 15243], *aff'd* 851 F.2d 358 (5th Cir. 1988).

2. Appellees move for dismissal pursuant, *inter alia,* to Fed.R.App.P. 31(c), contending that appellants have failed to file any brief whatsoever. However, this rule is inapposite to the present case, since appellants are elsewhere permitted by the rules to adopt by reference the brief of another party. *See* Fed.R.App.P. 28(i).

shall contain the contentions of the appellant *with respect to the issues presented,* and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on. [Emphasis added.]

A close reading of this subsection in connection with subsection (a)(2) will indicate, however, that this rule does not itself mandate that the appellant's brief contain argument relating to all of the issues presented *by the case.* Subsection (a)(2) provides that "[t]he brief of the appellant shall contain ... [a] statement of issues *presented for review.*" (Emphasis added.) Thus, when subsection (a)(4) speaks of an argument relating to issues presented, it merely refers to those issues set out by the appellant in the "statement of issues" section of the appellant's brief. We liberally construe briefs in determining issues presented for review; however, issues not raised at all are waived. *Kincade v. General Tire & Rubber Co.,* 635 F.2d 501, 504–06 (5th Cir. 1981). *Accord, Bledsoe v. Garcia,* 742 F.2d 1237, 1244 (10th Cir.1984).

It would be onerous to require the appellant, subject to dismissal of an appeal, to frame and argue all issues conceivably presented by a given case. A losing party may elect not to pursue certain issues on appeal; when such an issue is meritless, the appellant should be praised for foregoing the opportunity. Furthermore, any determination as to whether a case does in fact raise a certain legal issue not addressed in an appellant's brief would require us to consider the merits underlying that point, and we thus anticipate that future appellees would abuse the dismissal procedure as a vehicle for sounding out the court on the merits of the issue.

 Therefore, we find that appellants in the instant case have technically complied with Rule 28 insofar as the brief they have adopted from the *Bush* litigation both presents issues for review (albeit issues relating to prescription) and argues various contentions relating to those issues. This does not mean, however, that appellants' brief is free of procedural defects warranting dismissal of this appeal. Such dismissal may be proper where, as here, a review of the record shows that the legal points presented lack arguable merit and are therefore frivolous. *Hailes v. Equitable Life Assurance Society of the United States,* 729 F.2d 1037, 1037–38 (5th Cir. 1984). Although a determination of frivolousness requires, too, some amount of inquiry by us into the merits of an appeal, our level of analysis in this posture aims only to ferret out the obviously deficient case. When fishing for a sunken boot, we need not cast a sharpened hook.

As we have already noted, issues not briefed, or set forth in the list of issues presented, are waived. *Kincade v. General Tire & Rubber Co.; Bledsoe v. Garcia; United States v. Anderson,* 584 F.2d 849 (6th Cir.1978); *Brown v. Sielaff,* 474 F.2d 826, 828 (3d Cir.1973); *United States v. White,* 454 F.2d 435, 439 (7th Cir.1971), *cert. denied,* 406 U.S. 962, 92 S.Ct. 2070, 32 L.Ed.2d 350 (1972). When a party has failed to comply, the court of appeals is not required to search the record for error. *Chicago & Western Indiana R.R. v. Motorship Buko Maru,* 505 F.2d 579, 581 (7th Cir.1974).

 Since appellants have adopted the *Bush* brief, we examine it to determine the issues presented here. That examination reveals no mention of the causation issue. Because that issue constituted an independent ground for dismissal below, appellants were required to raise it to have any chance of prevailing in this appeal.

Appellants' duty to have addressed this point becomes all the more pressing in light of, then unpublished, in *Humphries v. Drake Towing Co.,* 836 F.2d 1344 (5th Cir. 1987), an appeal from another group of companion cases in which we affirmed summary judgment on causation grounds in circumstances substantially identical to those *sub judice.* [3] Appellants' attorney was warned in a December 29, 1987, letter

---

**3.** Appellees attached *Humphries,* as an exhibit to their motion papers and thereby put counsel for appellants on notice of it as governing precedent in this appeal. Fifth Circuit Loc. R. 47.5.3 provides that "[u]npublished opinions are precedent."

from the attorney for Drake and Brent that our opinion in *Humphries* rendered the instant appeal "moot and frivolous" and that attorneys' fees and double costs could be awarded if the appeal were not abandoned. By the same letter, appellants' counsel was also apprised of our recent decision in *Clay v. Union Carbide Corp.*, 828 F.2d 1103 (5th Cir.1987), affirming summary judgment on prescription grounds in another factually indistinguishable case.

A month later, appellants' attorney advised that his clients did not choose to withdraw this appeal. Appellants' only formal response to the motion for damages is that the companion cases already decided by this court, *Humphries* and *Clay*, "although relevant to the issues raised in the present Appeal, are not determinative, particularly since issues of substantive law of the State of Mississippi are involved in the Appeals filed by your APPELLANTS." In that one-page response, appellants do not even attempt to designate the issues which they contend make *Clay* and *Humphries* not controlling on the instant appeal. Thus, we are unable to determine that there are any such issues. And of course, if issues different from those in *Clay* and *Humphries* indeed should have been presented here, appellants' counsel should have filed his own brief on those issues.

In sum, despite the clear, unambiguous, dispositive holdings of this court, counsel for appellants persisted in pursuing this appeal. For that reason, and because counsel allowed this court's briefing deadline to expire without supplementing the *Bush* brief on the causation issue, hence waiving that issue, we find this appeal frivolous.

### III.

Under Fed.R.App.P. 38, "[i]f a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." And under 28 U.S.C. § 1927, an attorney "who so multiplies the proceedings ... unreasonably and vexatiously" may be held liable for, *inter alia*, attorneys' fees. Meritless claims impose "an unnecessary burden on this court and [infringe upon] the rights of appellees." *Hagerty v. Succession of Clement*, 749 F.2d 217, 222 (5th Cir.1984) ("legal contentions lack any arguable merit").[4]

There is ample authority in this circuit for awarding costs and attorneys' fees against a party under Fed.R.App.P. 38 and 28 U.S.C. § 1912, and against an attorney under 28 U.S.C. § 1927. Where justified, we have imposed *double* costs and attorneys' fees.[5]

We conclude that in this case, appellants and their attorney share responsibility for the frivolous appeal. The attorney has failed to raise a dispositive issue, and his client has failed to respond to appellees' offer, in effect, to waive sanctions if the appeal had been dropped. Accordingly, we direct that double appellees' taxable costs incurred during the entire pendency of this appeal be assessed against the appellants, jointly and severally, pursuant to Fed.R. App.P. 38. We conclude that pursuant to 28 U.S.C. § 1927, appellants' attorney should be assessed appellees' reasonable attorneys' fees incurred after the date when appellees' counsel informed appellants' counsel that *Humphries* and *Clay* had been decided and that attorneys' fees and double costs could be awarded if the then-frivolous appeal was not dropped. If

4. *See Coughlan v. Starkey*, 845 F.2d 566, 570–71 (5th Cir.1988); *Olympia Co. v. Celotex Corp.*, 771 F.2d 888, 893 (5th Cir.1985); *Lewis v. Brown & Root, Inc.*, 711 F.2d 1287, 1291 (5th Cir.1983) (claim was "frivolous, unreasonable and without foundation, justifying award of attorneys' fees in the district court under 28 U.S.C. § 1927); *Stelly v. Commissioner*, 761 F.2d 1113, 1116 (5th Cir.), *cert. denied*, 474 U.S. 851, 106 S.Ct. 149, 88 L.Ed.2d 123 (1985). *See Farguson v. M Bank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir.1986).

5. *See Alter Financial Corp. v. Citizens & Southern Int'l Bk.*, 817 F.2d 349, 350 (5th Cir.1987); *George v. Texas*, 788 F.2d 1099, 1100 (5th Cir. 1986); *Hale v. Harney*, 786 F.2d 688, 692 (5th Cir.1986); *Olympia Co. v. Celotex Corp.*, 771 F.2d at 893; *Stelly v. Comm'r*, 761 F.2d at 1116; *Anderson v. United States*, 754 F.2d 1270, 1272 (5th Cir.1985); *Knoblauch v. Comm'r*, 752 F.2d 125, 129 (5th Cir.), *cert. denied*, 474 U.S. 830, 106 S.Ct. 95, 88 L.Ed.2d 78 (1985).

the appeal was not frivolous when filed, it was indeed frivolous after the *Humphries* and *Clay* opinions were called to the attention of the attorney prosecuting the appeal.

Counsel for Drake, Brent, and Union Carbide shall file with the clerk, not later than the fourteenth day following the date of this opinion, an affidavit in accordance with Local Rule 47.8, setting forth the time and expense (in the form of taxable costs) incurred in work reasonably done on this appeal on and after January 11, 1988.[6] We shall utilize this affidavit in determining the appropriate amount of attorneys' fees and costs to award.

The motion to dismiss the appeal is GRANTED. The motions for damages are GRANTED IN PART (to award double costs and partial attorneys' fees). The appeal is DISMISSED, but the mandate is STAYED pending determination of the amount of costs and attorneys' fees.

---

6. This date, thirteen days after appellees' counsel sent his letter of December 29, 1987, affords appellants' attorney ample time to have received, evaluated, and responded to that letter.