85 F.3d 641
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 WIND RIVER MULTIPLE USE ADVOCATES, Plaintiff-Appellant,
v.
Michael ESPY, Secretary of Agriculture; Jack Ward Thomas,
Chief of the United States Forest Service; Dale Bosworth,
Regional Forester of Region 4 of the United States Forest
Service; Brian Stout, Forest Supervisor of the
Bridger-Teton National Forest; and The United States Forest
Service, Defendants-Appellees.
 No. 94-8031.
 United States Court of Appeals, Tenth Circuit.
 May 3, 1996.
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 Before HENRY, Circuit Judge, MCKAY, Senior Circuit Judge, and VRATIL, District Judge.**
 
 
 3
 VRATIL, District Judge.
 
 
 4
 Plaintiff-appellant, Wind River Multiple Use Advocates, is a nonprofit public interest group dedicated to ensuring that federal lands in northwestern Wyoming are managed in a beneficial, multiple-use manner. It appeals a district court ruling that it lacks standing to challenge a decision of the United States Forest Service to adopt the Bridger-Teton National Forest Land and Resource Management Plan ("the Plan"). Wind River sought to invalidate the Plan under the National Forest Management Act, 16 U.S.C. § 1604 (1988), and the Resource Planning Act, 16 U.S.C. § 1602(2) (1988), because the Plan allegedly fails to meet timber harvest objectives authorized by the national renewable resources program.[1] The district court granted summary judgment against Wind River on this claim, finding that Wind River lacked standing to bring suit. Specifically, the district court held that Wind River had failed to demonstrate (1) that it had been injured in fact as a result of Forest Service actions and (2) that even if it had been injured such injury would likely be redressed by a favorable decision. In the alternative, the district court found as a matter of law that Wind River could not prevail on the merits of its claim. Specifically, the district court held that Wind River had failed to create a material fact issue with respect to whether the Forest Service decision to adopt annual timber harvests below levels authorized by federal law was arbitrary and capricious under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A) & (C).
 
 
 5
 Wind River appeals the district court ruling on lack of standing but does not challenge the district court's alternative ruling on the merits.[2] Because Wind River does not contest the alternative holding, we must affirm. See Nagle v. Alspach, 8 F.3d 141, 143 (3d Cir.1993) (appellate court must affirm where plaintiffs failed to contest two of four independent grounds upon which district court based grant of summary judgment, each of which was individually sufficient to support the judgment). The judgment of the United States District Court for the District of Wyoming is therefore AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 **
 The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation
 
 
 [1]
 Wind River also sought to invalidate the Plan because the Forest Service allegedly violated its own regulations by failing to complete a thorough survey of the forest's mineral potential and because the grizzly bear zones under the Plan allegedly violate the statutory requirement for multiple use under the Multiple Use Sustained Yield Act, 16 U.S.C. §§ 528-531 (1988). The district court entered summary judgment against Wind River and in favor of the Forest Service on these claims and Wind River does not challenge these rulings on appeal
 
 
 [2]
 In its reply brief, Wind River argues that the district court decision on the merits is merely an advisory opinion, in light of the contemporaneous ruling that Wind River lacks standing. Wind River has waived any appeal on this issue, however, by its failure to pursue the argument in its opening brief. See Harris v. Champion, 51 F.3d 901, 905 (10th Cir.1995); Resolution Trust Corp. v. Federal Sav. & Loan Ins. Corp., 25 F.3d 1493, 1506-07 (10th Cir.1994) (issues not pursued in brief-in-chief deemed abandoned and waived). In any event, Wind River's position is without merit. Courts routinely make alternative decisions on the merits while simultaneously holding that a plaintiff lacks standing to sue. See, e.g., Sierra Club v. Robertson, 28 F.3d 753 (8th Cir.1994) (holding that appellant lacked standing to challenge forest plan but affirming, in the alternative, district court decision on merits); Idaho Conservation League v. Mumma, 956 F.2d 1508 (9th Cir.1992) (reversing district court finding that plaintiff lacked standing but affirming alternative decision on merits). This practice is in the best interest of judicial economy and does not violate the case and controversy requirement of Article III of the United States Constitution