IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60224
Summary Calendar
_____

TARIQ AHMAD BHATTI,

                                              Petitioner,

versus

IMMIGRATION & NATURALIZATION SERVICE,

                                              Respondent.

--------------------

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A99-695-250

--------------------
November 15, 2000

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

        Tariq Ahmad Bhatti, a native of Pakistan, and his family
petition this court for review of the Board of Immigration Appeals'
(BIA) denial of their application for political asylum and for the
withholding of deportation.  They also seek review of the BIA's
denial of Tariq Bhatti's application for a suspension of
deportation.

_____

        [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

They argue that 1) the BIA erroneously determined that the Bhatti parents had firmly resettled in Paraguay and that the Bhatti children were likely permanent residents of Paraguay because they were born there, 2) the BIA violated the petitioners' rights by refusing to consider their brief, which had been filed late, and 3) the BIA erroneously applied the Illegal Immigration Reform and Immigrant Responsibility Act's (IIRIRA) stop-time provision when determining whether Tariq had the requisite seven years of continuous physical presence in the United States for a suspension of deportation. The petitioners submit that the issue whether the IIRIRA's stop-time provision applies to show-cause orders issued before the IIRIRA's enactment is currently before the Second Circuit and that this court should hold review pending a decision therefrom. They also state that they have filed a motion to reopen their deportation proceedings and that this court should hold review of the instant petition until the BIA has ruled on the motion to reopen.

Although the petitioners challenge the BIA's finding that they firmly resettled in Paraguay, they do not challenge the BIA's determination that they failed to establish a well-founded fear of persecution if returned to Pakistan. They have thus waived this argument, and we may affirm the BIA's denial of the petitioners' application for political asylum and the withholding of deportation based upon the BIA's determination of no well-founded fear of persecution. See Evans v. City of Marlin, Tex., 986 F.2d 104, 106 n.1 (5th Cir. 1993); Atwood v. Union Carbide Corp., 847 F.2d 278, 280 (5th Cir. 1988). The petitioners have not made a prima facie

showing of their eligibility for political asylum and they have not established that they were substantially prejudiced by the BIA's refusal to review their late-filed brief. See Anwar v. I.N.S., 116 F.3d 140, 144 (5th Cir. 1997).

This court has held that the IIRIRA's stop-time provision applies to show-cause orders issued before the enactment of the IIRIRA. Gonzalez-Torres v. I.N.S., 213 F.3d 899, 902-03 (5th Cir. 2000). The petitioners' argument with respect to Tariq's suspension of deportation application is without merit, and this court need not hold review of this issue pending a Second Circuit decision. Furthermore, the decision of the BIA is final such that this court has jurisdiction to review it notwithstanding the petitioners' subsequently filed motion to reopen. See Stone v. INS, 514 U.S. 386, 394-95 (1995).

The petition for review is DENIED. The petitioners' request that this court hold its review of the petition pending a Second Circuit decision and the BIA's ruling on their motion to reopen is **DENIED.**