United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 29, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-30473
SUMMARY CALENDAR
_____

ROSA LEE HAWKINS; BARBARA ANNE HAWKINS; JOAN MARIE JOHNSON

Plaintiffs - Appellees

v.

JOE JONES, doing business as Melder Publishing Company

Defendant - Appellant

_____

On Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans Division
(00-CV-3785-M)
_____

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DEMOSS Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

   In this appeal we review the district court's judgment as a matter of law in favor of the

plaintiffs-appellees on defendant's counterclaim for copyright infringement and the jury's verdict

for plaintiffs on their claims for breach of contract, dissolution of contract, and unfair competition.

_____

   [1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

-1-

Finally, we consider whether defendant-appellant's appeal is frivolous and deserving of sanctions pursuant to FED. R. APP. P. 38. For the following reasons, we affirm the district court's judgment and the jury's verdict. We also grant plaintiffs-appellees' motion for sanctions and remand the case to the district court for a determination of the attorney's fees expended by plaintiffs-appellees in this case.

I.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs-appellees, Rosa Lee Hawkins, Barbara Anne Hawkins, and Joan Marie Johnson, were members of the 1960's pop group, the "Dixie Cups" (hereinafter, "plaintiffs"). The group brought this action for breach of contract, dissolution of contract, and unfair competition against defendant-appellant, Joe Jones, doing business as Melder Publishing Company.

The Dixie Cups wrote the song "Iko, Iko" (hereinafter, the "song") in 1963. In 1964 they recorded and registered the copyright. On March 10, 1965, plaintiffs granted Jones and a company called Trio Music Publishing, Inc. ownership in the copyright of the song for the original term through a songwriters' agreement in which Jones and Trio Music agreed to pay plaintiffs certain specified sums. The agreement did not explicitly grant Jones or Trio Music ownership in the renewal term of the copyright. In 1992, the copyright to the song reverted to plaintiffs and they re-registered the song in a renewal copyright registration. Both the original 1964 copyright registration and the 1992 renewal list plaintiffs as the sole writers of the song.

According to evidence presented by plaintiffs at trial, Jones exploited the song in foreign territories and took credit as author of the song without compensating plaintiffs. Plaintiffs learned Jones was exploiting the song in foreign territories when the song appeared in the movie, Mission

-2-

Impossible II, in 2000. Jones has also claimed that he wrote "Iko, Iko" on several occasions, including during cross-examination testimony in this case. These statements are in direct contradiction to statements made by Jones in earlier sworn statements in previous litigation over the authorship of "Iko, Iko." Jones introduced into evidence a 1968 settlement agreement claiming to release him from the obligation to pay plaintiffs in accordance with the 1965 songwriters' agreement. Plaintiffs all testified they did not sign the settlement agreement and that the signatures on the documents were forgeries. Plaintiffs also produced copies of several other district court opinions from cases in which Jones falsely claimed authorship of songs and attempted to use forged documents as evidence. *See Johnson v. Tuff N Rumble Management, Inc.*, 2000 WL 622612, *5 (E.D. La. May 15, 2000); *Davis v. Jones*, 1994 WL 382571 (E.D. La. July 18, 1994); *Makedwde v. Johnson*, 1994 WL 10360, *2 (E.D. La. Jan. 5, 1994).

The district court granted plaintiffs' motion for judgment as a matter of law on Jones' counterclaim of copyright infringement, stating in its final judgment that "defendant did not demonstrate ownership of a valid copyright."

Plaintiffs' claims for breach of contract, contract dissolution, and unfair competition went to the jury, which reached a verdict in favor of plaintiffs on all claims and awarded damages in the amount of $409,507.89. The jury also determined that Jones and his business, Melder Publishing, must surrender all copyrights and licenses to the plaintiffs.

II.

COPYRIGHT INFRINGEMENT

Jones raises several issues with respect to the district court's judgment as a matter of law on his counterclaim for copyright infringement. Jones argues that the March 10, 1965,

songwriters' agreement between plaintiffs, Melder Publishing Company, and Trio Music granted him ownership of the song. In what seems to be a contradictory position, Jones also contends that it was Melder Publishing who was first to copyright the song on January 7, 1963 and that he renewed the copyright on December 30, 1991. However, Jones failed to introduce these copyright registrations into evidence at trial.

This court reviews the district court's grant of a FED. R. CIV. P. 50(a) motion for judgment as a matter of law de novo, using the same standard applied in the district court. *RTC v. Cramer*, 6 F.3d 1102, 1109 (5th Cir. 1993). The evidence and all reasonable inferences therefrom are considered in the light most favorable to the party opposing the motion. *Id*. We will affirm the district court's ruling if the evidence and inferences so strongly and overwhelmingly favor the moving party that reasonable jurors could not have come to a different conclusion. *Id*. Only if there existed substantial evidence that would have led reasonable jurors to reach a differing conclusion, will this court overturn the district court's judgment. *Portis v. First Nat'l Bank of New Albany, Miss.*, 34 F.3d 325, 327-28 (5th Cir. 1994).

To prevail on a claim for copyright infringement, Jones must demonstrate: (1) that he owned a valid copyright, and (2) that plaintiffs copied original elements of the work. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) (*citing Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 548 (1985)). Thus, Jones' counterclaim for infringement requires that he prove ownership in the song, something he is unable to do. The 1965 agreement does grant Jones 50% ownership of the original copyright to the song, but the agreement does not assign Jones rights to the renewal term of the song.

Under the 1909 Copyright Act, a copyright had two terms: an original term and a renewal

-4-

term. *Stewart v. Abend*, 495 U.S. 207, 212, 217-19 (1990). The renewal term allows authors a second chance to obtain copyright ownership. *Id.* Ownership of a copyright can only be transferred by a writing signed by the copyright owner. *See* 17 U.S.C. § 204. Absent language expressly granting renewal rights, an agreement does not grant renewal rights even if it does transfer ownership during the original term. *See* 17 U.S.C. § 304(a)(1)(C). Jones introduced no evidence at trial of an ownership interest in the song. Furthermore, Jones testified several times in the 1960s that plaintiffs were the authors of the song. Plaintiffs, on the other hand, introduced a copy of the original 1964 copyright and the 1992 renewal copyright listing themselves as writers of the song. Finally, the March 10, 1965 songwriters' agreement, which Jones is attempting to enforce in this case, names plaintiffs as the writers of the song. The district court did not err in granting plaintiffs' motion for judgment as a matter of law on Jones' counterclaim for copyright infringement.

III.

BREACH OF CONTRACT, DISSOLUTION OF CONTRACT, AND UNFAIR

COMPETITION

Plaintiffs do not dispute that they entered into the March 10, 1965 songwriters' agreement. However, under the terms of the agreement, after the original term of the copyright of the song expired and plaintiffs renewed the copyright in 1992, Jones was only allowed to exploit the song in foreign territories. Jones began exploiting the song in foreign territories, but he failed to pay plaintiffs for those uses. In his defense, Jones relies on a 1968 settlement agreement and a letter written in 1973 from Trio Music to plaintiff, Barbara Hawkins, as evidence that Jones and Melder Publishing were not obligated to pay plaintiffs for use of the song.

-5-

Plaintiffs testified that they had refused to sign the settlement agreement when Jones brought it to them in 1968 and Barbara Hawkins testified that she had never received the 1973 letter from Trio Music.

The standard of review regarding a jury verdict is that the verdict must be upheld unless evidence is so strongly in favor of one party that a reasonable individual could not arrive at a contrary verdict. *Hiller v. Manufacturers Prod. Research Group*, 59 F.3d 1514, 1522 (5th Cir. 1995); *Waco Int'l, Inc. v. KHK Scaffolding Houston, Inc.*, 278 F.3d 523, 528 (5th Cir. 2002). Jones is appealing credibility issues decided by the jury; however, this court will not disturb credibility determinations on appeal. *Williams v. Fab-Con, Inc.*, 990 F.2d 228, 230 (5th Cir. 1993) (this court will defer to the trier of fact if factual determinations are based upon credibility determinations). "An appellate Court is in no position to weigh conflicting evidence and inferences or to determine the credibility of witnesses; that function is within the province of the finder of fact." *Martin v. Thomas*, 973 F.2d 449, 453 n.3 (5th Cir. 1992) (internal quotation and citation omitted).

As stated previously, Jones has no ownership interest in the song. Plaintiffs offered evidence, and Jones admitted, that Jones never paid plaintiffs for the foreign exploitation of the song. The jury heard Jones' evidence of the 1968 settlement agreement and the 1973 letter from Trio Music, which Jones claims free him of his obligation to pay plaintiffs in accordance with the 1965 songwriters' agreement. The jury also heard plaintiffs' testimony that they had not signed the 1968 settlement agreement and had not received the 1973 letter. In short, the jury believed plaintiffs, not Jones. The weight and credibility of this evidence is not an issue for appellate review. We uphold the judgment for plaintiffs on their claims for breach of contract, dissolution

of contract, and unfair competition.

## IV.

### SANCTIONS FOR FRIVOLOUS APPEAL

Plaintiffs-appellees have moved this court to impose sanctions pursuant to FED. R. APP. P. 38 upon Jones for bringing a frivolous appeal. Jones offered no evidence at trial that he owned the copyright to "Iko, Iko." His only evidence in defense of plaintiffs-appellees' contract claims are a 1968 settlement agreement and a 1973 letter, both of which the jury believed to be forged documents, a tactic Jones has employed in other similar suits. *Johnson*, 2000 WL 622612, *5 (Jones relied on a written agreement he claims was executed in 1964, but the document was printed on a laser printer, included justified text, and contained a word processor file name). Finally, throughout his brief Jones makes baseless accusations of bias on the part of the magistrate and district court judge.

"If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellees." FED. R. APP. P. 38. The fact that Jones is a pro se litigant does not prohibit the court from imposing sanctions. *George v. Texas*, 788 F.2d 1099 (5th Cir. 1986); *Clark v. Green*, 814 F.2d 221 (5th Cir. 1987); *Johnson*, 2000 WL 622612, *10.

This appeal has no arguable merit and is frivolous. Jones was placed on notice that plaintiffs-appellees were seeking sanctions. He had an opportunity to respond in his reply brief and he chose to go forward with the appeal. Jones has presented no good faith argument for reversing the district court's judgment as a matter of law or the jury's verdict. Thus, appellees' motion for sanctions pursuant to FED. R. APP. P. 38 is granted in the amount of single costs and

attorney's fees.

## VIII.

## CONCLUSION

For the foregoing reasons the judgment of the district court is affirmed and the case is remanded to the district court for a determination of the attorney's fees expended by appellees in this appeal. *See George*, 788 F.2d at 1100-01.