**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 13 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

In re: DOERNER, SAUNDERS,
DANIEL & ANDERSON, L.L.P.;
COMMERCIAL FINANCIAL
SERVICES, INC., and the CFS
Liquidating Trustee,

Debtors.

_____

LLOYD S. WHITAKER, Trustee of
the ABS Liquidating Trust; THE
OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF
COMMERCIAL FINANCIAL
SERVICES, INC.; OFFICIAL
COMMITTEE OF ASSET-BACKED
SECURITYHOLDERS,

Plaintiffs,

and

UNSECURED CREDITORS
LIQUIDATING TRUST, and its
Liquidating Trustee,

Plaintiff - Appellant,

v.

ARTHUR ANDERSON, L.L.P.,

Defendant - Appellee,

and

No. 03-5082
(D.C. No. 02-CV-483-K)
(N.D. Okla.)

DOERNER, SAUNDERS, DANIEL &
ANDERSON, L.L.P.; COMMERCIAL
FINANCIAL SERVICES, INC., and
the CFS Liquidating Trustee,

        Appellees.
_____

ABS LIQUIDATING TRUST;
BRADLEY D. SHARP, Liquidating
Trustee,

        Trustees.

---

**ORDER**

---

Before **EBEL**, **BARRETT**, and **KELLY**, Circuit Judges.[*]

---

This matter comes on for consideration of Appellee Doerner, Saunders,
Daniel & Anderson, L.L.P.'s ("DSDA's") Motion to Dismiss for Lack of
Appellate Jurisdiction. Upon consideration thereof,

(1) Appellant, the Unsecured Creditors Liquidating Trustee, on behalf of
the Unsecured Creditors Liquidating Trust (referred to as "UCLT"), seeks to
appeal from the district court's order determining that the DSDA law firm would
not be disqualified from certain proceedings. The district court held that UCLT

---

[*] After examining the briefs and the appellate record, this three-judge panel
has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

- 2 -

lacked standing to disqualify DSDA and then decided the merits of the disqualification issue. UCLT does not appeal from the district court's holding that UCLT lacked standing. Aplt. Response to Aplee. Motion to Dismiss at 17.

(2) DSDA represented the Debtor, Commercial Financial Services, Inc. ("CFS"), in labor and employment matters prior to and during the bankruptcy proceedings. See 11 U.S.C. § 327(e) (special purpose representation). That representation has ended. UCLT sought to disqualify DSDA from representing CFS's former auditor/accountant, Arthur Andersen, L.L.P. ("AA"), in a federal securities fraud action brought against AA by CFS bondholders. Neither CFS nor UCLT are parties to the federal securities action. CFS has filed suit against AA, but in state court. Although DSDA represents AA in the federal securities action, DSDA does not represent AA in the state court action.

(3) UCLT sought a variety of remedies (including disqualification) against DSDA based upon conflict. Concluding that it lacked jurisdiction to afford DSDA complete relief, the bankruptcy court asked the district court to withdraw the reference to bankruptcy court. The district court withdrew the reference solely as to the remedy of disqualification. No court has addressed the other remedies sought by UCLT.

(4) The district court held that UCLT lacked standing in the bankruptcy proceeding to pursue disqualification of DSDA in the federal securities matter

without having first sought an order requiring CFS to intervene and to seek disqualification in those other proceedings. Relying upon an unpublished order and judgment, Wind River Multiple Use Advocates v. Espy, No. 94-8031, 1996 WL 223925, at *1 n.2 (10th Cir. May 3, 1996), that approved of making a merits determination even if a plaintiff lacks standing, the district court then decided that disqualification was not warranted.[1] The district court declined to remand the disqualification issue to the bankruptcy court for findings and conclusions because it would not affect the outcome given the district court's conclusion that any rule which might require disqualification would be a new rule that should not be applied retroactively. Although declaring its order final, the district court remanded the matter to the bankruptcy court, presumably to consider the balance of the relief sought by UCLT.

(5) We lack jurisdiction over this matter. At the outset, it should be noted that where a district court's decision is supported on alternate independent grounds (here, standing and the merits), the failure to appeal both of those grounds dooms the appeal. Berna v. Chater, 101 F.3d 631, 633 (10th Cir. 1996); Murrell v. Shalala, 43 F.3d 1388, 1389-90 (10th Cir. 1994); Atwood v. Union Carbide Corp., 847 F.2d 278, 280 (5th Cir. 1988). In this case, any opinion on the

---

[1] Wind River was decided before more recent Supreme Court authority which disapproved of the use of "hypothetical jurisdiction" and resultant advisory opinions. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998).

merits of the conflict of interest question would be wholly advisory and would not alter the outcome (no disqualification) of the order from which UCLT appeals. See Hall v. U.S. Fiber & Plastics Corp., 476 F.2d 418, 420-21 (3rd Cir. 1973) (per curiam) (dismissing as moot an appeal where plaintiff only appealed district court's finding of patent invalidity and not its finding of defendant's non-infringement). Although UCLT is concerned about the preclusive effect of the district court's order insofar as obtaining other relief in the bankruptcy court, the district court's opinion on the merits of the conflict question was by its own admission advisory and made without consideration of all relevant factual and legal issues. In the alternative, the bankruptcy court has yet to rule on those issues in the context of other relief, let alone have its ruling appealed. See 28 U.S.C. § 158(a); cf. Hall, 476 F.2d at 420-21 (noting any preclusive effect of a ruling would have to be determined by court where preclusion is asserted; such preclusive effect, if any, would not overcome the necessity of a case or controversy and the prohibition on advisory opinions).

We GRANT DSDA's motion to dismiss and DISMISS this appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge