**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1930**

ISAAC ISAIAH, M.D.,

                    Plaintiff - Appellant,

          v.

WMHS BRADDOCK HOSPITAL CORPORATION; MEMORIAL HOSPITAL AND
MEDICAL CENTER OF CUMBERLAND, INCORPORATED,

                    Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   J.  Frederick Motz, District Judge.
(1:07-cv-02197-JFM)

Submitted:  July 31, 2009          Decided:  September 1, 2009

Before WILKINSON, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Conrad W. Varner, VARNER & GOUNDRY, P.C., Frederick, Maryland,
for Appellant.  Jack C. Tranter, Sarah Downing Howard, GALLAGHER
EVELIUS & JONES LLP, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Isaac Isaiah, M.D., appeals an order granting summary judgment against him in an action he brought against WMHS Braddock Hospital Corp., et al. (collectively "WMHS"). Because Dr. Isaiah does not challenge one of the bases for the decision against him, we affirm.

Dr. Isaiah initiated the present action alleging several state claims against WMHS arising from the precautionary suspension and subsequent revocation of his medical privileges at WMHS. Federal jurisdiction is based on diversity. See 28 U.S.C. § 1332.

The district court considered both parties' motions for summary judgment, and granted WMHS summary judgment upon two distinct and independent grounds, (1) immunity under the federal Health Care Qualified Immunity Act ("HCQIA"), 42 U.S.C. § 11112, et al., and (2) immunity under the Maryland statutes providing immunity for peer review activity, Md. Code Ann., Health Occ. § 14-502 and Cts. & Jud. Proc. § 5-638. The district court's order granting summary judgment to WMHS is based accordingly.

On appeal, although Dr. Isaiah challenges the district court's ruling on the issue of immunity under the HCQIA, he does not challenge the district court's determination that WMHS was entitled to immunity under the Maryland statute. Dr. Isaiah

2

does not mention the judgment of immunity under Maryland law in his statement of issues or anywhere else in his brief.

WMHS contends that because Dr. Isaiah failed to challenge this separate, but equally dispositive, ruling, he has waived the right to challenge it on appeal. We agree.

Federal Rule of Appellate Procedure 28(a)(9)(A) requires that the argument section of an appellant's opening brief must contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Failure to comply with the specific dictates of this rule with respect to a particular claim triggers abandonment of that claim on appeal. See 11126 Baltimore Boulevard, Inc. v. Prince George's County, 58 F.3d 988, 993 n.7 (4th Cir. 1995) (en banc). Furthermore, Federal Rule of Appellate Practice 28(a)(5) requires a statement of issues presented for review, but Dr. Isaiah's statement of issues does not raise any claim of error as to the district court's judgment of immunity under Maryland law. Because Dr. Isaiah failed to challenge the district court's ruling as to immunity under the Maryland statutes, he has waived the right to review of that ruling on appeal.[*]

---

[*] Despite this specific point being raised in the Appellees' brief, Dr. Isaiah did not file a reply brief, and the time for filing it has long passed. Even if he had addressed the issue
(Continued)

Immunity under the HCQIA is a separate legal analysis from the grant of immunity for peer review actions under the Maryland statute. In Imperial v. Suburban Hospital Ass'n, 37 F.3d 1026 (4th Cir. 1994), we observed that the Maryland statute is "broader in scope than the immunity granted by the [HCQIA]," and noted that the state statute extends immunity to "all civil liability" and is based on whether an individual "acts in good faith and within the scope of the jurisdiction of a Medical Review committee." Id. at 1031-32 & 1031 n.* (emphasis omitted). Similarly, the Maryland Court of Appeals has stated:

> [B]ecause the Maryland statute requires that a member of a review committee act in good faith, while the HCQIA employs objective standards of reasonableness, "the State law . . . may, in some circumstances, provide additional immunity or protection to medical review bodies. The State law is preempted by the Federal only to the extent that it provides less immunity than the Federal, not to the extent it provides more."

Goodwich v. Sinai Hosp., 680 A.2d 1067, 1082 (Md. 1996) (emphasis omitted). While a person is only exempt under the HCQIA when the objective standards set forth in that statute are satisfied, a person who does not meet those objective standards

in a reply brief, the Court will generally not consider issues raised for the first time in that manner, United States v. Brooks, 524 F.3d 549, 556 n.11 (4th Cir. 2008), or in oral argument. Goad v. Celotex Corp., 831 F.2d 508, 512 n.12 (4th Cir. 1987).

4

may still be entitled to immunity under the Maryland statute if those actions "were nonetheless taken in good faith." Bender v. Suburban Hosp., Inc., 758 A.2d 1090, 1104 (Md. Ct. Spec. App. 2000).

Because the Maryland statute provides an independent basis for the district court's judgment granting summary judgment to WMHS, and because Dr. Isaiah has abandoned any challenge to that determination on appeal by failing to raise it in his opening brief, there is no reason to consider the underlying merits of his HCQIA-based claim. Dr. Isaiah had to challenge both bases for the district court's judgment in order to prevail on appeal. See, e.g., Atwood v. Union Carbide Corp., 847 F.2d 278, 280 (5th Cir. 1988) (holding that where an issue "constituted an independent ground for [the disposition] below, appellants were required to raise it to have any chance of prevailing in [their] appeal"). Even if Dr. Isaiah's appeal were successful, the alternate basis for the district court's judgment would stand, and Dr. Isaiah's appeal would be of no effect.

Because Dr. Isaiah has waived review of the district court's independent and alternate ground for its judgment, we conclude that oral argument would not assist the decisional process. For the aforementioned reasons, we affirm the district court's order granting summary judgment to WMHS.

AFFIRMED

5