# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11208
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 24, 2015

Lyle W. Cayce
Clerk

TERRY R. JAMES,

Plaintiff-Appellant

v.

SERGEANT PAUL SCHAFER; OFFICER PATRICIO E. ZAMARRIPA, (#XO112); OFFICER JOHN W. ROBERTS, (#4337),

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-457

Before DENNIS, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:*

Terry R. James moves for leave to proceed in forma pauperis (IFP) on appeal. The district court denied James's motion to appeal IFP and certified that his appeal was not taken in good faith. By moving in this court for leave to proceed IFP, James challenges the district court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11208

James argues that the district court erred in dismissing his complaint and granting the defendants' motion for summary judgment on their asserted defense of qualified immunity.  When qualified immunity is raised as a defense, there is no liability for actions that do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008) (internal quotation marks and citation omitted).  James contends that the defendants violated his clearly established constitutional right to be free from unreasonable searches and seizures when they arrested him inside of his house, without an arrest warrant or probable cause.

"The Fourth Amendment . . . prohibits the police from making a warrantless and nonconsensual entry into a suspect's home in order to make a routine felony arrest." *Payton v. New York*, 445 U.S. 573, 576 (1980).  James does not contest that he invited the arresting officers, Roberts and Zamarripa, into his home.  Once lawfully inside, they could "take further action supported by any consequent probable cause." *Georgia v. Randolph*, 547 U.S. 103, 118 (2006).  Further, James has not briefed and has thus waived any argument challenging the district court's determination that, under the independent intermediary doctrine, the independent findings of the grand jury conclusively established probable cause and shielded Roberts and Zamarripa from liability for false arrest. *See Morris v. Livingston*, 739 F.3d 740, 752 (5th Cir.), *cert. denied*, 134 S. Ct. 2734 (2014).  Because James has not raised a genuine issue of material fact regarding Roberts or Zamarripa causing him a constitutional deprivation, his appeal of the summary judgment in their favor is frivolous. *See S.E.C. v. Recile*, 10 F.3d 1093, 1095 (5th Cir. 1993).

By asserting no facts and making no argument regarding Schafer's liability, James has waived any challenge to the summary judgment in favor

No. 13-11208

of Schafer. *See Morris*, 739 F.3d at 752. His appeal thereof is thus also frivolous. *See Atwood v. Union Carbide Corp.*, 847 F.2d 278, 279-81 (5th Cir. 1988).

James has failed to show that his appeal involves any arguably meritorious issue. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, we DENY his motion and DISMISS his appeal as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.